## WHETSTONE v. UNITED STATES.

### No. 48 C 64.

United States District Court
N. D. Illinois, E. D.

Nov. 15, 1948.

Otto Kerner, Jr., U.S. Atty. and LeRoy R. Krein, Asst. U.S. Atty., both of Chicago, Ill., for United States.

Irene B. Whetstone, pro se.

LA BUY, District Judge.

Plaintiff's action is brought to (1) recover alleged overpayment of income taxes from 1943 through 1946, (2) to remove lien for income taxes, and (3) for declaratory relief. The government has filed a motion to dismiss the action for lack of jurisdiction based upon lack of justiciability, failure of consent to be sued, and removal

of federal tax actions from declaratory relief.

The court is of the opinion this motion should be sustained. Plaintiff's principal contention is that the revenue turned to the Treasury from the collection of taxes is being expended for seven purposes, none of which are within the purview of the Constitution, and that said unlawful use of this revenue renders the income tax assessed illegal. Congress alone has the power to appropriate money to promote the general welfare and its determination that certain projects are in furtherance of general welfare is decisive. Courts are not concerned with the wisdom of legislative policies, their only function being to interpret the statutes so as to promote and effectuate the disclosed intent of Congress.

The factual situation presented by this complaint does not present a justiciable controversy, nor does it appear that Congress had consented to a suit against the United States for the removal of a tax lien except upon compliance with Section 3679, 26 U.S.C.A., or a release thereof upon compliance with Section 3673, nor can this court within the jurisdiction granted by Congress give declaratory relief where it has been expressly withheld from jurisdiction. For these reasons, the court sustains the motion of the government to dismiss the plaintiff's complaint.