The facts sufficiently appear from the opinion of the court, per curiam, as follows:
The Government has demurred to the plaintiff’s petition. We summarize the allegations of the petition. The plaintiff paid certain Federal taxes under protest, claiming that the laws under which they were levied were unconstitutional. Her claims for refund were denied and, on January 16,1948, she brought a suit in the United States District Court for the Northern District of Illinois, Eastern Division, seeking the recovery of the taxes and the removal of a tax lien which had been placed upon her property to collect other taxes. She also asked for a declaratory judgment as to the constitutionality of the revenue laws under which the taxes were levied.
The Government, in the District Court case, made a motion *817 to dismiss the plaintiff’s action, citing Massachusetts v. Mellon, 262 U. S. 447. The District Court granted the Government’s motion and dismissed the plaintiff’s petition. Whetstone v. United States, 82 Fed. Supp. 478. The plaintiff appealed from this decision to the United States Court of Appeals for the Seventh Circuit, which court affirmed the decision of the District Court 1949 C. C. H. par. 9289. She petitioned the Supreme Court of the United States for a writ of certiorari. That court denied her petition. 337 U. S. 941. In the unsuccessful litigation the plaintiff expended some $10,000, which she seeks to recover in this suit.
What has been recited shows that the plaintiff’s asserted right to the refund of her taxes has been litigated in other courts, and decided against her. She frankly recognizes that that question cannot be raised again here, and she does not seek to raise it. This suit, in effect, charges the legislative branch of the Government with so restricting the jurisdiction of the courts that they are not able to decide constitutional questions, and the judicial branch with abdicating its constitutional duty to decide such questions, regardless of legislative restrictions which she regards as unconstitutional. She claims that her efforts to obtain justice were frustrated by these wrongs, and that the Government is under a duty to reimburse her for the expenses incurred in those efforts.
In effect, the plaintiff charges the Government with various delicts, noncontractual wrongs. Her petition does use language concerning a basic understanding, or contract between the Government and the people who consent to be governed. But this social compact is not regarded in the law as contractual, in the sense of being enforceable in an action sounding in contract. If the plaintiff’s petition described governmental misconduct amounting to a recognized tort, which we think it does not, we still could not entertain her suit, since we have no original jurisdiction in tort actions.
We are of the opinion that the plaintiff’s petition does not state a cause of action. We therefore sustain the Government’s demurrer and dismiss the petition.