**SAUBER, Director of Internal Revenue, v. WHETSTONE.**

No. 10586.

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1952.

Rehearing Denied Nov. 8, 1952.

See also 82 F.Supp. 367.

Irene B. Whetstone, Chicago, Ill., in pro per.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., Charles S. Lyon, Acting Asst. Atty. Gen., Maurice P. Wolk, Special Asst. Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Fred E. Youngman, Sp. Assts. to the Atty. Gen., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Defendant (hereinafter called taxpayer), a resident of Chicago, Illinois, appeals from an order of the district court committing her for contempt for failure to appear before John T. Jarecki, the Collector of Internal Revenue for the First District of Illinois,[1] pursuant to summons issued by him,[2] requiring her to appear with all pertinent books of account and records and give testimony with respect to her income tax liability for the year 1944.

1. John T. Jarecki is no longer Collector of Internal Revenue, and pursuant to a plan of reorganization of the Bureau of Internal Revenue, which has become effective in Illinois, as elsewhere, the duties formerly exercised by the Collector of the First District of Illinois have been assumed by Ernest J. Sauber, whose title is Director of Internal Revenue, Chicago. The motion to substitute Ernest J. Sauber as plaintiff-appellee in this action has been granted.

2. Authorized under Secs. 3615, 3633 and 3711, Internal Revenue Code, 26 U.S.C. §§ 3615, 3633, 3711, reading:

"§ 3615. Summons from collector to produce books and give testimony

"(a) General authority. It shall be lawful for the collector, subject to the provisions of this section to summon any person to appear before him and produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof. The collector may summon any person residing or found within the State or Territory in which his district lies; * * *.

* * * * *

"(e) Enforcement. Whenever any person summoned under this section neglects or refuses to obey such summons, or to give testimony, or to answer interrogatories as required, the collector may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper not

Taxpayer filed an income tax return for the year 1944 and made partial payment of the tax due thereon, but failed to pay the balance thereof. After issuing a warrant of distraint for the collection of the tax, the Collector issued and served upon taxpayer a summons to appear before him with her books and records and to give testimony in connection with his investigation of her 1944 income tax. Upon her failure to respond to this summons he caused a Collector's summons, issued pursuant to Secs. 3615 and 3654 of the Internal Revenue Code, to be served upon taxpayer, summoning and requiring her to appear before him on November 17, 1947. Taxpayer failed to appear at the time and place designated in the summons and gave no cause or reason for her failure to so appear. Thereafter the Collector petitioned the district court for a writ of attachment to bring the taxpayer before that court to show cause why she should not be held for contempt. A writ of body attachment was issued January 5, 1948, directing the United States Marshal to bring the taxpayer before the court. The writ was executed on January 6, 1948. A hearing on the cause was continued and taxpayer was released on her own recognizance.

On January 23, 1948, taxpayer filed a motion to dismiss the Collector's petition, which motion was denied. On May 3, 1949, the district court entered an order which it vacated on May 6, 1949, directing the taxpayer to appear before the Collector with her books and records on a day specified therein and give testimony with respect to her income tax for 1944. On February 12, 1951, the district court granted a motion of the Collector to reinstate the order of May 3, 1949, with appropriate changes with respect to dates and place for the taxpayer's appearance, and ordered the taxpayer to appear before the Collector on February 23, 1951, with her books and records and give testimony on all matters and facts within her knowledge pertaining to her 1944 income tax. Taxpayer appealed from this order, and this court ordered a stay of execution of the order of February 12, 1951, pending the appeal. On November 6, 1951, this court held that the order of February 12, 1951, was an interlocutory order, from which an appeal would not lie. It dismissed the appeal and vacated the order of this court staying the proceedings in the district court. Jarecki v. Whetstone, 7 Cir., 192 F.2d 121.

On January 15, 1952, on motion of the Collector, the district court entered an order reinstating the order of February 12, 1951, with appropriate changes with respect to the date and place of taxpayer's appearance, and ordered her to appear before the Collector at his office on January 18, 1952, with all books and records in her possession which would disclose her personal financial condition and for her to give testimony on matters and facts within her knowledge with respect to the Collector's efforts to collect her 1944 income tax. The parties were directed to appear in court on January 21, 1952, to report on whether the taxpayer had complied with the court's order.

On January 22, 1952, the Collector filed a motion in the district court in which he informed the court that the taxpayer had not appeared before him, nor produced her books or records as required by the order of January 15, 1952, and asked that the taxpayer be adjudged in contempt and punished for civil contempt for disobedience

inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

"§ 3633. Jurisdiction of district courts

"(a) To enforce summons. If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

"§ 3711. Production of books

"All persons, and officers of companies or corporations, are required, on demand of a collector or deputy collector about to distrain or having distrained on any property, or rights of property, to exhibit all books containing evidence or statements relating to the subject of distraint, or the property or rights of property liable to distraint for the tax due."

of the court's order. On January 24, 1952, taxpayer filed objections to the Collector's motion and a hearing was held before the court on January 30, 1952, at which the taxpayer refused to be sworn and testify, and she also announced that she refused to appear before the Collector and give testimony as ordered on January 15, 1952. The court thereupon entered the order of commitment from which this appeal was taken, and among other things found that the taxpayer's refusal to comply with the order of January 15, 1952, was without just cause, and that by her refusal to obey that order she was in contempt of court. The court then ordered that the taxpayer be committed to the custody of the Attorney General of the United States until she purged herself of the contempt by complying with the court's order.

On this appeal the contentions of the taxpayer, who has appeared throughout these proceedings *pro se*, are many and varied. Since the Collector first attempted to collect the balance of her 1944 tax she has commenced a number of related proceedings,[3] and in both the district court and here she has filed many motions.

In her statement of points on this appeal taxpayer sets forth many objections to the district court's order of January 15, 1952, and the order of commitment which followed, but specifically states that she does not attack the constitutionality of Secs. 3654(a) and 3615(e), Internal Revenue Code, which she sought to do in several equity suits commenced by her. Although she complains of the dismissal of the equity suits, it appears no appeals were taken from any of the orders of dismissal of said suits.

The grounds for reversal principally relied on by taxpayer on this appeal are that she was charged with and committed for a criminal contempt, and that Title 18 U.S. Code, § 401 limits the authority of a federal court only to punishing for contempt for the disobedience or resistance to lawful orders of the court. She asserts that the order alleged to have been contemned by her was unlawful and void and urges that being compelled to testify and give evidence in a criminal proceeding deprives her of her constitutional rights. In her brief on this appeal she states: " * * * the overall question presented to this court for determination is whether the said order alleged to have been contemned is a lawful order." She asserts repeatedly that the district court was without jurisdiction to enter the order committing her for contempt.

In spite of taxpayer's repeated and emphatic assertions to the contrary, it seems clear that the district court's order of January 30, 1952, involves civil contempt only. The order was entered solely for the purpose of compelling compliance with the Collector's summons. Civil contempt is a sanction to enforce compliance with an order of the court. McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599. The imprisonment ordered by the court was intended to be remedial, in order to coerce taxpayer to do what she had been ordered to do by the court. Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797. Judicial sanctions in civil contempt proceedings may be employed to coerce a defendant into compliance with an order of the court. United States v. United Mine Workers of America, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884. The measure of the court's power in a civil contempt proceeding is determined by the requirements of full remedial relief. McComb v. Jacksonville Paper Co., supra.

The inherent power of federal courts to punish by contempt was recognized in for-

3. Whetstone v. United States, D.C.N.D., Ill., 82 F.Supp. 478, affirmed by this court, No. 9779 without opinion, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746, rehearing denied 338 U. S. 840, 70 S.Ct. 36, 94 L.Ed. 514; Whetstone v. United States, 115 Ct.Cl. 816; Whetstone v. O'Donovan, U. S. Marshal, 340 U.S. 950, 71 S.Ct. 569, 95 L.Ed. 685, denying appellant's motion for leave to file a petition for a writ of mandamus; Whetstone v. Jarecki, D.C.N.D.Ill., No. 51 C 269,* a suit in equity asking for the convening of a three-judge court; as well as several other equity suits filed in the district court for the Northern District of Illinois. After the order of commitment taxpayer filed a petition for a writ of habeas corpus.

* No opinion was filed.

mer Sec. 385, Title 28, U.S.Code. But taxpayer points out that this section of the Code was eliminated in the revision of the Code in 1948, and a new provision of like import was included in 18 U.S.C. §§ 401, 402. As Title 18 deals almost exclusively with crimes and criminal procedure, taxpayer asserts that since the effective date of the 1948 revision of the Code, federal courts no longer have power or authority to enforce orders for civil contempt. She asserts that it necessarily follows that the imprisonment ordered in the instant case was a proceeding in criminal contempt, and that the statute and rules with reference to such a contempt were not followed.

Although taxpayer's construction seems far-fetched and without merit, we need not rest our decision on a ruling against the point she makes, for certain it is that the revision of the Code in 1948 did not repeal Secs. 3615, 3633 and 3711, Internal Revenue Code, heretofore set out in Footnote 2. These sections are in full force and effect and authorize the Collector's procedure in this case, as well as the efforts of the court to enforce obedience to its order.

We hold that the district court's order of January 15, 1952, was in accordance with the language of Sec. 3615(e), Internal Revenue Code, and was a lawful order; further, that the court's order of commitment when taxpayer refused to comply with its order of January 15, 1952, was an appropriate order under the circumstances. Penfield Co. of California v. Securities and Exchange Commission, 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117.

Pending the appeal taxpayer filed a number of motions in this court, all of which have been denied. Some were entirely without merit on their face; others bordered on the impertinent and would have been subject to censure had taxpayer been an attorney at law. However, taxpayer now urges that all of said motions be reconsidered "by the Full Court."

In order to prevent, if possible, the filing of other similar motions by taxpayer after the filing of this opinion, her attention is invited to the fact that the three judges constituting the panel of this court on this appeal have considered said motions and have approved the denial of each and all of them.

Affirmed.