Dorothy HINCHCLIFF, individually and as Executrix of the Estate of Alfred W. Hinchcliff, deceased, Plaintiff,

v.

James M. CLARKE, Internal Revenue Agent,

and

Melvin J. Burton, District Director of Internal Revenue, Defendants.

Civ. A. No. 37102.

United States District Court
N. D. Ohio, E. D.

Aug. 18, 1961.

William Patrick Clyne, John J. Kane, Jr., Clyne, Kane, Ray & Talty, Cleveland, Ohio, for plaintiff.

Burt W. Griffin, Asst. U. S. Atty., Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

This is a civil action brought by the plaintiff, individually and in her capacity as Executrix of the Estate of her deceased husband, Alfred W. Hinchcliff, against James M. Clarke, Internal Revenue Agent, and Melvin J. Burton, District Director of Internal Revenue, Cleveland, Ohio, District, seeking a preliminary injunction immediately and, upon final hearing, that the preliminary injunction be made perpetual, restraining the defendants, their successors, deputies, agents and employees, and all persons acting by, through or under them, or any of them, or by or through their order, from further prosecution of the investigation of the income tax matters of this plaintiff, individually, and of the estate of plaintiff's deceased husband, Alfred W. Hinchcliff; that they be further restrained from gaining access to the summoned records by agreement forced or acquiesced in by Donald J. Graf; and that the summons issued in this investigation be quashed.

Upon the evidence submitted, the Court finds that the plaintiff, Dorothy Hinchcliff, is the widow of Alfred W. Hinchcliff, and was duly appointed Executrix of the Estate of Alfred W. Hinchcliff, deceased, on the 16th day of June, 1959, and presently is serving in that capacity. Joint income tax returns were filed by Dorothy and Alfred W. Hinchcliff from 1945 until the death of Alfred W. Hinchcliff. Subsequent to the death of Alfred W. Hinchcliff, income tax returns were filed by Dorothy Hinchcliff, individually and as Executrix of the Estate of Alfred W. Hinchcliff, deceased.

From 1951 until the death of Alfred W. Hinchcliff in 1959, Donald J. Graf, a certified public accountant, was employed by Dorothy and Alfred W. Hinchcliff to perform accounting services and to prepare and file income tax returns; and said accountant was employed to perform similar services by Dorothy Hinchcliff, for herself and as Executrix of the Estate of Alfred W. Hinchcliff, until June of 1961.

Prior to May 19, 1961, the Internal Revenue Service had examined some but not all of the income tax returns and records of Dorothy and Alfred W. Hinchcliff for the years 1945 through 1959; and, during April and May of 1961, Internal Revenue Agent James M. Clarke had discussions with the accountant, Donald J. Graf, regarding a re-examination of records and returns previously examined, and also regarding an examination of records and returns not previously examined. Prior to May 19, 1961, Agent James M. Clarke had requested Donald J. Graf, the accountant, to produce records and income tax returns of Dorothy and Alfred W. Hinchcliff for the years 1945 through 1960, which request the accountant felt obliged to grant; however, the accountant advised the plaintiff and her attorney of the request made by the agent and was informed by plaintiff's counsel that the records and returns for the year 1957 should be made available to the agent, but that the agent's request for permission to examine all other records and returns should be refused. The instructions of plaintiff's counsel to the accountant, Donald J. Graf, were communicated to the agent, James M. Clarke, whereupon the agent, James M. Clarke, on May 19, 1961, issued a summons, under authority of 26 U.S.C.A. § 7602, and on the same date served said summons on Donald J. Graf, requiring him to appear before James M. Clarke, an officer of the Internal Revenue Service, to give testimony relating to the tax liability and/or the collection of the tax liability of Alfred W. and Dorothy Hinchcliff for the

period 1945 through 1960, inclusive, and to bring with him and produce for examination the following: "All books, records, work papers, and files pertaining to the above-named taxpayers. These records should include all net worth statements, financial statements, and profit and loss statements, certified or not." The summons set the time and place for the appearance of and production of documents by Donald J. Graf for May 19, 1961, at 2:30 P.M., at the said Donald J. Graf's office. Prior to the issuance and service of the summons heretofore described, Dorothy Hinchcliff had requested the accountant to give her the papers and records pertaining to the income tax returns involved, and the accountant refused.

On May 19, 1961, in response to the summons, the accountant, Donald J. Graf, produced at his office the documents named in the summons, and the agent, James M. Clarke, examined them and placed them in containers which the agent sealed; however, the documents were retained by the accountant in deference to the instructions received by him from plaintiff's attorney.

On May 24, 1961—the accountant, Donald J. Graf, not having turned over the records—an application for an order of attachment was filed with the United States Commissioner, Herbert A. Horn, by and through the United States Attorney, under the provisions of 26 U.S.C.A. § 7604(b). A hearing was conducted on the application for an order of attachment, and the Commissioner found that the Government was entitled to a writ of attachment, whereupon a writ was issued for the appearance of defendant Donald J. Graf on June 2, 1961, and, on the oral motion of the Assistant United States Attorney, the documents in question were ordered impounded and the defendant restrained from dispossessing himself of the documents. At the hearing on May 24, 1961, Assistant United States Attorney Griffin appeared for the Government and James B. Davis appeared as counsel for the defendant; however, the defendant was not in court.

On June 2, 1961, by consent of the attorneys for the Government and the defendant, the cause was continued to June 13, 1961, and on June 13, 1961, a motion to quash and vacate the writ of attachment was filed by defendant. W. D. Hopkins and John J. Kane appeared for the defendant and the hearing was passed to June 23, 1961.

On June 23, 1961, the plaintiff herein, being represented by Attorney William Patrick Clyne, presented for the consideration of the United States Commissioner a motion to quash and vacate the writ of attachment and restraining order, and the cause was continued to July 10, 1961. The order of May 24, 1961, was continued in force. On June 23, 1961, the motion of Donald J. Graf, filed with Commissioner Horn on June 13, 1961, to quash and vacate the writ of attachment, was overruled. On July 10, 1961, the entry of June 23, 1961, overruling the motion of defendant to quash and vacate the writ of attachment, was vacated and the case was continued to July 31, 1961, with the order impounding and restraining the dispossession of the documents by the defendant continued in force.

On July 31, 1961, prior to the time set for the hearing before United States Commissioner Horn, the plaintiff instituted this action for an injunction by the filing of the complaint herein. Although the plaintiff in this injunction proceeding has presented for the consideration of the Commissioner a motion to quash and vacate the writ of attachment issued by the Commissioner on May 24, 1961, the plaintiff has made no effort to intervene in the proceeding before the Commissioner. See In Re Foster, 159 F.Supp. 444 (S.D.N.Y., 1958); aff'd. Foster v. United States, 265 F.2d 183 (C.A. 2, 1959) (But see concurring opinion of Judge Lombard on the matter of intervention). Therefore, the plaintiff is not a party to the action pending before the Commissioner, wherein the United States is plaintiff and Donald J. Graf is defendant.

The plaintiff insists that she has a vital interest in the proceeding before the Commissioner and that her rights and

**4**

privileges, as guaranteed by the Fourth and Fifth Amendments of the Constitution, will be invaded if the action before the Commissioner is not enjoined. The plaintiff herein further insists that the summons issued by Internal Revenue Agent James M. Clarke to the accountant, Donald J. Graf, was void in that it did not comply with the provisions of 26 U.S.C.A. § 7605(a). The plaintiff further insists that United States Commissioner Herbert A. Horn has no jurisdiction in the matter before him and that there is no appeal from any decision which Commissioner Horn may render, thus leaving no adequate remedy at law for this plaintiff individually and as Executrix of the Estate of her deceased husband.

The plaintiff asserts that Donald J. Graf originally felt obliged to obey the summons but cooperated with the taxpayer (plaintiff herein) by raising objections to the proceedings before the United States Commissioner and filing a motion to quash the summons issued by the Internal Revenue Service, but that Graf presently has changed his attitude toward plaintiff and will not object to said proceedings and has withdrawn his motion to quash the summons previously filed. The evidence leaves no doubt as to the accuracy of this assertion; however, the truth or falsity of the assertion is inconsequential in determining the remedies sought by plaintiff.

James M. Clarke and Melvin J. Burton, defendants herein, oppose the plaintiff's motion for a preliminary injunction and, through Burt W. Griffin, Assistant United States Attorney, answer the allegation in plaintiff's motion by denying the foregoing assertions of the plaintiff; and the defendants affirmatively assert that the plaintiff has no standing to challenge the validity of the summons issued on May 19, 1961, and that the plaintiff has no standing to raise the Fourth Amendment as a bar to enforcement of the summons of May 19, 1961.

██ Plaintiff's contention that the United States Commissioner has no jurisdiction to entertain the proceedings now before him cannot be sustained. The power and jurisdiction of United States Commissioners are set out in various statutes throughout the Code and "the relations between them and the District Courts vary as do their official acts." Go-Bart Importing Co. v. United States, 282 U.S. 344, 353, 51 S.Ct. 153, 156, 75 L.Ed. 374. Under certain circumstances United States Commissioners are even authorized to try persons charged with petty offenses. (18 U.S.C.A. § 3401.) In the Court's judgment, the language of 26 U.S.C.A. § 7604(b), under which the Commissioner is proceeding at the instance of the Government, gives the Commissioner specific powers which are coequal with those of District Judges as to the enforcement of summonses issued under 26 U.S.C.A. § 7602, as well as under 26 U.S.C.A. §§ 6420(e) (2) and 6421(f) (2). The Commissioner, of course, will afford all parties properly before him the opportunity to be heard on such objections and motions as they may care to make, and in reaching his decisions will apply the relevant statutes and conduct the hearing in accord with the law.

██ Counsel for neither side has cited a case wherein enforcement proceedings under Section 7604(b) (or similar provisions in 26 U.S.C.A. § 3615(e), of the 1939 Code) had been taken before a United States Commissioner. Since the hearing, the Court has endeavored to make an exhaustive search and was unable to find such a case. All of the reported cases involving 7604(b) arose out of applications for enforcement proceedings made to the District Judge rather than to the United States Commissioner. However, since 7604(b) clearly gives the United States Commissioner the power, the fact that heretofore it has been invoked infrequently—or not at all—is no bar to its now being exercised. As Mr. Justice Jackson said in United States v. Morton Salt Co., 338 U.S. 632, at pages 647, 648, 70 S.Ct. 357, 366, 94 L.Ed. 401:

"The fact that powers long have been unexercised well may call for close scrutiny as to whether they exist; but if granted, they are not lost

by being allowed to lie dormant, any more than nonexistent powers can be prescripted by an unchallenged exercise. We know that unquestioned powers are sometimes unexercised from lack of funds, motives of expediency, or the competition of more immediately important concerns."

Whatever rights of, or procedures for, appeal may exist with respect to actions taken by the United States Commissioner under 7604(b) need not be considered by this Court as the matter is now pending before him for decision; however, since final orders of a District Judge under 7604(b) are appealable, it would be strange indeed if similar orders of United States Commissioners under the same statute were not also appealable, especially in view of the fact that enforcement proceedings under 7604(b) are said to comprise "an independent judicial proceeding which is characterized as a case or controversy." Hubner v. Tucker, 245 F.2d 35, 39 (C.A. 9, 1957). Furthermore, it would appear that rulings by the Commissioner adverse to the plaintiff, insofar as they might pertain to plaintiff's property which is in Graf's custody, would be appealable. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Schwimmer v. United States, 232 F.2d 855 (C.A. 8, 1956). As the Court noted in the Perlman case, to hold otherwise would mean that the aggrieved party was "powerless to avert the mischief of the order but must accept its incidence and seek a remedy at some other time and in some other way." Id. p. 13, 38 S.Ct. at 419.

■ The question as to the civil or criminal nature of proceedings under 7604(b) was answered unequivocally in Sauber v. Whetstone, 199 F.2d 520, 523 (C.A. 7, 1952), cert. den. 344 U.S. 928, 73 S.Ct. 496, 97 L.Ed. 714, where it was held that a judgment of contempt for refusal to obey an enforcement order involved civil contempt only.

■ Plaintiff herein cannot claim the required production by accountant Graf of his own papers (even though they may reflect business transactions by plaintiff, her deceased husband, and his estate) to be an unreasonable search and seizure. McMann v. S. E. C., 87 F.2d 377, 379, 109 A.L.R. 1445 (C.C.A. 2, 1937), McMann v. Engle, cert. den. 301 U.S. 684, 57 S.Ct. 785, 81 L.Ed. 1342; In re Upham Income Tax, 18 F.Supp. 737 (S.D. N.Y., 1937); Zimmerman v. Wilson, 105 F.2d 583 (C.C.A. 3, 1939). The McMann and the Zimmerman cases, supra, were cited with approval by the Sixth Circuit Court of Appeals in Corbin Deposit Bank v. United States, 244 F.2d 177 (1957).

■ Plaintiff is not precluded from asserting her rights and privileges under the Constitution of the United States and under 26 U.S.C.A. §§ 7605, 6501, and such other statutes as may be relevant, *with respect to property which belongs to her individually, or as executrix*, merely because such property has been placed in the hands of a third person, Graf.

The proceedings under 7604(b) being properly before the United States Commissioner, the questions raised in the matter before this Court as to plaintiff's constitutional rights and her rights and privileges under the various Revenue statutes must be heard and determined by him under the Federal Rules of Civil Procedure, 28 U.S.C.A. See Rules 24 and 81(a) (3).

Accordingly, the subject proceedings before the United States Commissioner will be ordered to resume, but no earlier than five (5) days after the entry of the order embodying this memorandum in order to allow plaintiff time to intervene in those proceedings to assert her rights, privileges and interests, if she elects to do so.

In all other respects, plaintiff's motion for a preliminary injunction will be overruled.

Should it be required, the Court adopts this memorandum as findings of fact and conclusions of law under Rule 52(a), F.R.Civ.P.