**UNION CORPORATION OF AMERICA,** Appellant,

v.

**SECURITIES AND EXCHANGE COMMISSION,** Appellee.

No. 17048.

United States Court of Appeals Eighth Circuit.

Oct. 19, 1962.

Burton H. Shostak, St. Louis, Mo., Robert E. Keaney, St. Louis, Mo., on the brief, for appellant.

Richard M. Phillips, Attorney, Securities and Exchange Commission, Washington, D. C., Peter A. Dammann, General Counsel, Washington, D. C., David Ferber, Associate General Counsel, Washington, D. C., Michael Joseph, Attorney, Securities and Exchange Comm., Washington, D. C., and William D. Goldsberry, Attorney, Securities and Exchange Commission, St. Louis, Mo., on the brief, for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

The broad question presented by this appeal is whether the District Court by its memorandum opinion reported at 205 F.Supp. 518, correctly interpreted Section 15(d) of the Securities and Exchange Act of 1934 (15 U.S.C.A. § 78o (d), and rules and regulations promulgated thereunder (17 C.F.R. 240.15d–1–.15d–20) and by its decree entered pursuant thereto properly issued a mandatory injunction compelling appellant to file proper annual reports (Forms 10–K) with the S.E.C. for the years 1958, 1959 and 1960.

The S.E.C. brought this action under Sections 21(e) and 21(f) of the Act (15 U.S.C. §§ 78u(e) and 718u(f)) to compel compliance by appellant with the provisions and obligations imposed by Section 15(d) supra and the above regulations.

Appellant, admitting that on or about October 13, 1955, it filed with S.E.C. a registration statement, containing an undertaking as required by Section 15(d) supra, makes the contention that in the years 1958, 1959 and 1960 it was not required to file annual fiscal-year statements with the S.E.C. for those years under said section because "the aggregate value of all outstanding securities issued (by it) was at all times * * * less than One Million and no/100 Dollars computed upon the basis of the offering price offered to the public" respecting the securities in question registered by it.

As made manifest in the District Court's memorandum opinion, supra, common stock shares to be issued, when added to shares of its stock then outstanding, aggregating $4,000,000 in value, were originally registered by appellant in 1955; they were in part de-registered by appellant, effective September 26, 1957, so that the reduced value was then $1,311,000; * * * it was not until July 17, 1961 that appellant by further registration amendment reduced the "offering" to less than $1,000,000.

The dispute here arises from appellant's contention that when it partially de-registered shares on September 23, 1957, it began its 1958 fiscal year with registered shares "outstanding" of less than $2,000,000, hence it claims that under Section 15(d), supra, it was not required to make further annual reports to S.E.C.

■ As Judge Harper said (205 F. Supp. l. c. 520):

"This position is without merit. The plain meaning of 15(d) is that if at the time of the registration, the aggregate offering price plus outstanding shares of the same class exceeds $2,000,000, the duty to file reports (becomes) operative, and *remains operative* until at least one of the three events listed in the statute does occur. These events, upon the happening of which the duty to file reports ceases, do not include the occurrence of a drop in the value of stock (offered and sold) below $2,000,000. On the contrary, the aggregate value of stock offered and sold must fall below $1,000,000 before the undertaking to file reports becomes inoperative." (First par. added.)

We agree.

■ We also agree with Judge Harper's conclusion that appellant's "duty to file reports was (not) 'automatically suspended' by virtue of Sec. 15(d) (3)" of the Act, supra. (Par. added.) All that we might say in expatiation of what is said in his memorandum regarding that matter, is to note that Section 15(d), supra, speaks of "the *issuer* of the issue of securities to which the registration statement relates"; and, that the "Schedule of information required in registration statements" to be filed pursuant to the Act (§ 77aa, T. 15 U.S.C.A.) provides that "a statement * * * of the *issuer*, including the authorized and outstanding amounts of its capital stock" etc. is to be included in statements of stock registered. (§ 77aa(9)). Such provision in

the Act also militates against appellant's contention that it is only required to report the amount of stock "sold" within its concept of "outstanding".

No issue is before us as to whether the injunction entered "should run against the officers and directors" of appellant who were "named as defendants in (this) cause." Hence we express no opinion and reach no decision regarding that feature of the District Court's opinion, supra.

Affirmed.