John W. Crowe v. Commissioner.
Crowe v. Commissioner
Docket No. 5872-65.
United States Tax Court
T.C. Memo 1967-166; 1967 Tax Ct. Memo LEXIS 94; 26 T.C.M. (CCH) 784; T.C.M. (RIA) 67166; August 11, 1967
John W. Crowe, pro se, RR 3, Pine City, Minn. Bert L. Kahn, for the respondent. FEATHERSTON
Memorandum Opinion FEATHERSTON, Judge: The respondent determined a deficiency of $1,176.53 in petitioner's income tax for 1963, together with penalties of $73.81 under section 6651(a) [1] and $58.83 under section 6653(a). The question is whether the respondent erred in limiting the petitioner's personal exemption deduction to $600. The petitioner did not file a Federal income tax return for 1963. In a statutory *95 notice of deficiency dated July 22, 1965, the respondent determined that petitioner received wages of $6,994.35, was entitled to deductions of $1,700 and had taxable income of $5,294.35. The deductions consisted of $600 exemptions for both the petitioner and his wife and the $500 standard deduction allowed a married person on a separate return. On this basis the respondent computed the $1,176.53 tax deficiency. The petitioner has agreed to the correctness of the respondent's determination in every respect except that he contests the asserted deficiency on the ground that the $600 personal exemption allowed him is insufficient to provide for his cost of living and is otherwise inequitable. He "demands that this court set aside $5000 per year" of his salary and wages as "untaxable income." Section 151 provides that there shall be allowed as a deduction in computing the taxable income of an individual an "exemption of $600 for the taxpayer." The respondent has allowed a deduction in this amount. The Code contains no provision authorizing either the respondent or any court to adjust the amount allowable as a personal exemption deduction to reflect a taxpayer's living costs. Accordingly, *96 it is clear that the respondent did not err in limiting the petitioner's personal exemption deduction to $600. Petitioner's constitutional arguments are without merit. He contends that limiting his personal exemption deduction to $600 subjects him to involuntary servitude in violation of the Thirteenth Amendment to the Constitution of the United States, but if "the requirements of the tax laws were to be classed as servitude, they would not be the kind of involuntary servitude referred to in the Thirteenth Amendment." Porth v. Broderick, 214 F. 2d 925, 926 (C.A. 10, 1954). He argues that the Government has no right to force him to contribute to the support of "those people who make no effort to support themselves", but "Congress alone has the power to appropriate money to promote the general welfare and its determination that certain projects are in furtherance of general welfare is decisive." Whetstone v. United States, 82 F. Supp. 478, 479 (N.D. Ill. 1948), certiorari denied 337 U.S. 941 (1949), rehearing denied 338 U.S. 840 (1949); Swallow v. United States, 325 F. 2d 97 (C.A. 10, 1963), certiorari denied 377 U.S. 951 (1964); *97 see also Farmer v. Rountree, 252 F. 2d 490 (C.A. 6, 1958), certiorari denied 357 U.S. 907 (1958), rehearing denied 358 U.S. 858 (1958). The personal exemption deduction is merely one feature of the Federal system of progressive income tax rates, and that such a system is constitutionally permissible was settled long ago. Brushaber v. Union Pac. R.R., 240 U.S. 1, 25 (1916); see also Knowlton v. Moore, 178 U.S. 41 (1900). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩