**John W. CROWE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 19114.**

United States Court of Appeals
Eighth Circuit.

June 28, 1968.

John W. Crowe, pro se.

Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., and Lee A. Jackson, Crombie J. D. Garrett and Ann E. Belanger, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before MATTHES and HEANEY, Circuit Judges, and REGISTER, Chief District Judge.

PER CURIAM.

This is a proceeding to review the unreported decision of the Tax Court sustaining a deficiency determination of the Commissioner of Internal Revenue.

Petitioner, a citizen of Minnesota, did not file a federal income tax return for 1963. The Commissioner ascertained that petitioner received wages of $6,994.35, was entitled to deductions of $1,700.00, consisting of $600.00 exemptions for both petitioner and his wife and the $500.00 standard deduction allowed a married person on a separate return. On this basis the Commissioner determined a deficiency of $1,176.53 in petitioner's income tax for 1963, together with penalties of $73.81 under Section 6651(a) and $58.83 under Section 6653(a) (Internal Revenue Code of 1954 as amended).

Petitioner does not dispute the accuracy of the computation of the Commissioner. His sole claim is that the $600.00 personal exemption allowed him is insufficient for his cost of living and is otherwise inequitable. He requested the Tax Court to set aside $5,000.00 per year of his wages as "untaxable income."

Petitioner, who has represented himself from the inception of the controversy, does not cite any authority to support his position. The thrust of his vague brief is, (1) the federal income tax is unconstitutional because it is a direct tax and is expressly prohibited unless apportioned among the states; (2) the Government has no right to "confiscate money from a person's salary or wages"; (3) the Government has no right to compel him to contribute to the welfare of people who make no effort to support themselves.

█ The constitutionality of income tax laws, enacted pursuant to the Sixteenth Amendment, adopted in 1913, has long been established. Brushhaber v. Union Pac. R.R., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); Swallow v. United States, 325 F.2d 97 (10th Cir. 1963), cert. denied, 377 U.S. 951, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964); Porth v. Brodrick, 214 F.2d 925 (10th Cir.1954).

█ The petitioner has been allowed the personal exemption of $600.00 provided for under Section 151 of the Internal Revenue Code of 1954. This exemption was authorized as a matter of legislative grace, and the courts are powerless to enlarge the amount of this deduction. "Unquestionably Congress has power to condition, limit or deny deductions from gross income in order to arrive at the net that it chooses to tax." Helvering v. Ind. Life Ins. Co., 292 U.S. 371, 381, 54 S.Ct. 758, 760, 78 L.Ed. 1311 (1934); see also Luehrmann's Estate v. C.I.R., 287 F.2d 10, 15 (8th Cir.1961).

█ Obviously, petitioner is opposed to the Government using tax proceeds to promote the economic welfare of other citizens. This seems to be his chief complaint. A taxpayer cannot, however, evade payment of his legal tax obligations on the basis of his dissatisfaction with the distribution of revenue. Congress alone is authorized to appropriate money to promote the general welfare and its determination within constitutional bounds is decisive. It is the function of the courts to interpret the statutes so as to promote and effectuate the disclosed intent of Congress. Ward v. United States, 344 F.2d 316 (10th Cir.1965), cert. denied, 385 U.S. 1014, 87 S.Ct. 729, 17 L.Ed.2d 551 (1966); Swallow v. United States, supra; Fearing v. C.I.R., 315 F.2d 495 (8th Cir.1963); Whetstone v. United States, 82 F.Supp. 478 (N.D.Ill.1948), aff'd without opinion (see 199 F.2d 520, 523, n. 3), cert. denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746 (1948), rehear. denied, 338 U.S. 840, 70 S.Ct. 36, 94 L.Ed. 514 (1949).

█ The courts are not vested with authority to grant petitioner any relief. The decision of the Tax Court is affirmed.