**Daniel LIND, Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 67 Civ. 2758.**

United States District Court,
S. D. New York.

Nov. 30, 1971.

Daniel Lind, pro se.

Whitney N. Seymour, Jr., U. S. Atty., S.D.N.Y. by Milton Sherman, Asst. U. S. Atty., for defendant.

MEMORANDUM and ORDER

BRIEANT, District Judge.

Defendant has moved for summary judgment in this action brought by a taxpayer to recover federal income tax paid for the year 1960, which plaintiff claims was erroneously and illegally assessed and collected. At issue is the validity of the imposition of tax on back pay, which plaintiff collected from his employer. Plaintiff received an award for back pay in the amount of $36,953.-10, inclusive of interest, attributable to the years 1951 through 1957, and paid pursuant to judgments of the United States Courts. See Lind v. Schenley Industries, Inc., 278 F.2d 79 (3rd Cir. 1960) reversing 167 F.Supp. 590 (D.N. J.1958).

In order to recover the back pay, plaintiff taxpayer paid legal fees amounting to $23,930.45 and court costs in the amount of $1,755.00. These payments were made in cash in 1960 and the judgment was collected in cash in 1960. Taxpayer and his spouse reported their income on the cash basis and in their return for the calendar year 1960 attempted to calculate their tax under Section 1303 of the Internal Revenue Code of 1954, (since repealed) which established an upper limit upon tax paid with respect to back pay.

Under the particular circumstances of this case and because his 1960

income from other sources was relatively low, taxpayer received no benefit, because as the matter was finally determined by the Internal Revenue Service, he was required to deduct his legal fees and court costs entirely in the year of payment. Thus, there was no financial advantage for him to allocate the income over the years in which earned, from 1950 through 1957. Taxpayer, in filing his return had attempted to carry back the *net* recovery *pro rata* after first deducting the legal fees from the gross recovery.

On audit of the return, the Internal Revenue Service determined that only the gross amount of the back pay award could be spread back. Based upon this interpretation of the statute, a tax deficiency in the amount of $971.74 was assessed and thereafter paid, with interest.

A timely claim for refund was ultimately disallowed and this action was commenced.

It is clear that under Section 1303 of the Internal Revenue Code of 1954, legal expenses, attorneys fees and court costs incurred incident to the recovery of a back pay award could not be allocated to the years for which the back pay was recovered, by a cash basis taxpayer in calculating the upper limit of income tax payable in respect of the award.

This issue has been litigated a number of times. Section 1303 of the 1954 Code is, to the extent relevant, identical with Section 107 of the 1939 Code. The position the Internal Revenue Code took with respect to plaintiff was sustained in Walter F. O'Brien, 38 T.C. 707, aff'd. 319 F.2d 532, cert. den. 375 U.S. 931, 84 S.Ct. 331, 11 L.Ed.2d 263; T. Michael Smith, 26 T.C.M. 1017 (1967); Weldon D. Smith, 17 T.C. 135, reversed on other grounds 203 F.2d 310, cert. den. 346 U. S. 816, 74 S.Ct. 27, 98 L.Ed. 343, and Charles Spicer, 13 T.C.M. 452.

The facts concerning Ethel West Cotnam, 28 T.C. 947, reversed 263 F.2d 119 (5th Cir. 1959), are claimed by the Government to be distinguishable and with this conclusion the Court agrees. In *Cotnam*, the taxpayer had entered into a contingent fee contract with her attorneys, which under Alabama law, had effected an equitable assignment to the attorneys as of its date. The Court held that "under Alabama law, therefore, Mrs. Cotnam could never have received the $50,365.83 even if she had settled the case directly with the Bank." The strong dissent by Judge Wisdom indicates that using a part of the recovery to discharge her obligations to her attorneys was for Mrs. Cotnam in itself equivalent to receipt of income under Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918 (1929).

It is to be noted that the Commissioner of Internal Revenue originally took the position in similar cases that the carry back computation should apply to *net* income, and was defeated in this claim by a taxpayer who found the computation based on gross amounts more favorable. See Weldon D. Smith, 17 T. C. 135, 144.

As stated in *O'Brien, supra,* (38 T.C. at 710) "without the benefit of Section 1303 there would be no relief whatever, and the relief granted cannot go beyond these very provisions * * * there is no provision whatever for spreading back any related expenses as was done in petitioner's returns".

Taxpayer suffered an additional injury by reason of the action taken by the Commissioner, in that he was required to pay a greater New York State income tax than he would have been required to pay if this back pay, which was earned while he was a resident of New Jersey, could have been apportioned in the manner in which he originally attempted to do so. This issue, however, is not before this Court. After the ruling of the Internal Revenue Service, it turned out to be of no benefit to spread back the gross income and taxpayer ultimately paid the entire tax in respect to his 1960 return.

In this action, plaintiff, appearing Pro Se, also suggests a different ground of attack. He asserts that Section 1303 is discriminatory and unconstitutional, because it favors people with large incomes and acts against people with moderate or small incomes. He points out that if he had a large income in 1960 he would have been benefited by the large expenses paid out for legal fees in that year and it would have been to his advantage to spread back the gross income as urged by the Internal Revenue Service, but since his income in 1960 was only moderate, there was no benefit. It is alleged that the provisions of the Internal Revenue Code are unconstitutional by reason of the Fourteenth Amendment to the Constitution (equal protection clause). Taxpayer, of course, has reference to the Fifth Amendment rather than Fourteenth, since Federal action is at issue.

We are told by plaintiff that Congress recognized this and learned that Section 1303 was unjust and discriminatory, and that it was repealed although such repealer does not apply to the case before us. Of interest is the determination in Crowe v. Commissioner of Internal Revenue, 396 F.2d 766 (8th Cir. 1968). In that case the Court held as follows:

"His sole claim is that the $600.00 personal exemption allowed him is insufficient for his cost of living and is otherwise inequitable. He requested the Tax Court to set aside $5,000.00 per year of his wages as 'untaxable income.' * * * this exemption was authorized as a matter of legislative grace, and the courts are powerless to enlarge the amount of this deduction. Unquestionably, Congress has power to condition, limit or deny deductions from gross income in order to arrive at the net that it chooses to tax * * *. It is the function of the courts to interpret the statutes so as to promote and effectuate the disclosed intent of Congress. * * *

The courts are not vested with authority to grant petitioner any relief."

In view of the foregoing, the motion of the defendant for summary judgment dismissing the complaint is granted.

So ordered.