STEPHANIE D. JUDSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Judson v. Commissioner
Docket No. 1499-75.
United States Tax Court
T.C. Memo 1976-182; 1976 Tax Ct. Memo LEXIS 219; 35 T.C.M. (CCH) 802; T.C.M. (RIA) 760182; June 9, 1976, Filed *219 Stephanie D. Judson, pro se. Judith A. Knape, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a Motion To Dismiss for Failure To State a Claim in this case involving a deficiency of $163.85 in petitioner's Federal income tax for 1973. The motion presents for decision the issue as to whether the allegations in the amended petition are sufficient to support a deduction of the full amount of petitioner's taxable income on the ground that her income tax, if paid, would have been used for "unconstitutional military expenditures." The amended petition contains the following allegations: During the year in question (1973) the United States government was, as a matter of policy of the government, engaged in the pursuit of criminal objectives by criminal means in the prosecution of the war in Indochina. In so doing it violated, as a matter of official administration policy, recognized statutes of domestic and international law, including domestic and international law, including the Constitution of the United States, the United Nations Charter, the Hague Convention of 1907, the Geneva Convention of 1949, the Nuremberg *220 Principles, and the Geneva Accords of 1954, among others. * * *
Since federal law does not provide a method by which the taxpayer may earmark his/her tax payments to insure that they will not be used in the furtherance of illegal activities, petitioner asserts that she was required to withold [sic] her federal income tax for 1973 in its entirety so as to avoid placing herself in legal jeopardy. * * *
The amended petition contains other lengthy allegations amplifying these general assertions, including a statement that petitioner, "as a member of the Religious Society of Friends (Quaker)," in declining to pay any income taxes, "was exercising her freedom of religion provided for under article 1 of the Bill of Rights." In support of the motion to dismiss, respondent has filed a memorandum brief, and the motion was argued by the parties on May 3, 1976. We do not question petitioner's sincerity, but a taxpayer's disagreement (however sincere) with the policies of the Federal Government is no ground for relieving him of his tax obligations, whether that disagreement is articulated in terms of the First Amendment, international law, the Nuremberg Principles, or any other *221 doctrine that has been advanced in a host of decided cases. See, e.g., United States v. Malinowski,472 F.2d 850, 857 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Crowe v. Commissioner,396 F.2d 766 (8th Cir. 1968), affg. a Memorandum Opinion of this Court; Lorna H. Scheide,65 T.C. 455 (1975); Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961). Even if all the allegations of fact set forth in the amended petition are deemed to be true, we find no ground on which petitioner can be relieved of her duty to pay the taxes imposed by the applicable congressional enactments. Respondent's motion will be granted, and An appropriate order will be entered.