HENRY BRAUN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Braun v. Commissioner
Docket No. 8317-75.
United States Tax Court
T.C. Memo 1976-185; 1976 Tax Ct. Memo LEXIS 222; 35 T.C.M. (CCH) 810; T.C.M. (RIA) 760185; June 9, 1976, Filed respondent. *222 Henry Braun, pro se. Lowell F. Raeder, for the FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a motion for partial summary judgment in this case involving income tax deficiencies for 1971 and 1972 in the respective amounts of $59 and $517, together with additions to tax under section 6653(a), Internal Revenue Code of 1954, as amended, of $35.15 and $25.85, respectively. The motion requests a partial summary judgment on the question of whether the United States' participation in foreign military activities is justification for petitioner's underpayments of tax in 1971 and 1972. Respondent argues that there is no genuine issue of material fact as to this question and that a summary judgment should be granted on this issue as a matter of law. Petitioner, who was a resident of Philadelphia, Pennsylvania, at the time he filed his petition, alleges that his underpayment of taxes "was required of him by international law" and that: "The IRS errs in not giving war tax credit of $406.95 for 1971 and $310 for 1972." Petitioner argues that his payment of the disputed taxes would have violated his moral and religious *223 convictions because such taxes would have been used to finance the war in Vietnam. He recognizes that the United States' participation in the Vietnam war has terminated and that his payments of 1971 and 1972 taxes at this time would not be used to support any war effort, but he argues, in effect, that this country's participation in the Vietnam war during those years erased his liability for the amounts he claims as war tax credits. We do not question petitioner's sincerity, but a taxpayer's disagreement (however sincere) with the policies of the Federal Government is no ground for relieving him of his tax obligations, whether that disagreement is articulated in terms of the First Amendment of the Constitution, international law, the Nuremberg Principles, or any other doctrine that has been advanced in a host of decided cases. See, e.g., United States v. Malinowski,472 F.2d 850, 857 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Crowe v. Commissioner,396 F.2d 766 (8th Cir. 1968), affg. a Memorandum Opinion of this *224 Court; Lorna H. Scheide,65 T.C. 455 (1975); Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961). Since no issue of material fact has been presented and the legal issues herein involved are controlled by the above authorities, respondent's motion will be granted. To reflect the foregoing, An appropriate order will be issued.