ROBERT T. CAREY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carey v. Commissioner
Docket No. 10950-76.
United States Tax Court
T.C. Memo 1977-182; 1977 Tax Ct. Memo LEXIS 264; 36 T.C.M. (CCH) 760; T.C.M. (RIA) 770182; June 13, 1977, Filed *264 Robert T. Carey, pro se. John O. Tannenbaum, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a motion under Rule 120 of the Rules of Practice and Procedure of this Court for judgment on the pleadings in this case involving a determined income tax deficiency of $279.66 for 1975. The deficiency is attributable to respondent's disallowance of a $1,500 deduction taken on petitioner's 1975 Federal income tax return and labeled "War Tax Exemption." Petitioner was a resident of Peterborough, New Hampshire, at the time he filed his petition. Maintaining that denial of the deduction was erroneous, petitioner alleges: IRS says that there is no provision for a deduction, credit, omission of income or other adjustment on a Federal tax return as an expression of war or other protest. I as a Quaker cannot conscientiously contribute to war in any way and believe that the IRS is acting unconstitutionally in trying to force me to contribute to war against my religious convictions. Respondent states in his motion that, even if he should admit all allegations in the petition, it would not state a claim on which relief could *265 be granted. In support of his position, petitioner filed a memorandum in which he eloquently outlines his position in great detail. We do not question his sincerity or the depth of his religious convictions. Petitioner maintains that the First Amendment to the Constitution, adopted by the "early Americans" was intended as a "prohibition of any limitations of whatever kind on the free exercise of religion." He reiterates his disavowal of "wars and strife and fightings with outward weapons, for any end, or under any pretense whatsoever." To require him to pay taxes which may be used to buy the weapons of war, he says, forces him to violate this basic principle of his religion. Yet he recognizes that Article I of the Constitution authorizes Congress to "lay and collect Taxes * * * and provide for the common Defence and general Welfare of the United States" and that the 16th Amendment deals with the income tax. A taxpayer's disagreement, however sincere, with Federal government policies does not relieve him of his obligation to render his taxes as determined under existing tax laws, whether that disagreement is based on claims of First Amendment religious grounds or any other *266 one of a host of previously litigated positions. See e.g., United States v. Malinowski,472 F.2d 850, 857 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Crowe v. Commissioner,396 F.2d 766 (8th Cir. 1968), affg. per curiam a Memorandum Opinion of this Court; Scheide v. Commissioner,65 T.C. 455 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961). We must follow this host of decisions dealing with this issue.Petitioner's brief proposes that the Treasury Department bookkeeping be so handled as to permit taxpayers to designate the purposes for which their taxes may (or may not) be spent.But that would require legislative action. We have no authority to impose any such requirement. Having reviewed the petition filed in this case, we conclude that no grounds have been stated therein upon which relief could be granted petitioner. Accordingly, we grant respondent's motion for judgment on the pleadings. To reflect the foregoing, *267 An appropriate order will be entered.