SALLIE MARX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Marx v. Commissioner
Docket Nos. 10946-78, 12723-79
United States Tax Court
T.C. Memo 1980-405; 1980 Tax Ct. Memo LEXIS 185; 40 T.C.M. (CCH) 1299; T.C.M. (RIA) 80405; September 18, 1980, Filed *185 Stuart J. Filler, for the petitioner. Joan Ronder Domike, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioner's Federal income tax of $360.03 and $267 for the taxable years 1976 and 1977, respectively. The sole issue presented here for our decision is whether the Ninth Amendment to the United States Constitution compels the allowance of a deduction for a "war loss" where one is opposed to the military uses to which her tax revenues are put and feels that her "right to conscience" would be violated by being forced to contribute to those causes. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Sallie Marx (hereinafter referred to as Sallie or petitioner) maintained her residence in New York, New York at the time of the filing of the petitions in these cases. [1] On her Federal income tax return for 1976, Sallie claimed a deduction of $3,649 as a "war loss." She similarly claimed a "war loss" deduction of $3,650 on her 1977 return. The amount of these deductions was *186 arrived at by applying to her gross income the percentage of the Federal budget estimated to be earmarked for current military expenditures. She has claimed this deduction in every year since 1971. Respondent disallowed petitioner's "war loss" deduction for both the 1976 and 1977 taxable years. OPINION Petitioner claimed a "war loss" deduction on her 1976 and 1977 Federal income tax returns in an amount equal to an estimate of the percentage of the Federal budget utilized for current military expenditures. She feels that her conscience will not allow her to pay, through her tax dollars, for the government to conduct its military affairs. The Internal Revenue Code does not provide for a deduction such as that claimed by petitioner, nor does she argue that it does. We have held on numerous occasions that religious or moral objections to the military expenditures of our nation do not absolve taxpayers from their income tax obligations. Lull v. Commissioner, 602 F.2d 1166 (4th Cir. 1979), affg. per curiam Lull *187 v. Commissioner and Herby v. Commissioner, Memorandum Opinions of this Court, cert. denied 444 U.S. 1014 (1980); Autenrieth v. Cullen, 418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Tingle v. Commissioner, 73 T.C. 816 (1980); Anthony v. Commissioner, 66 T.C. 367 (1976); Egnal v. Commissioner, 65 T.C. 255 (1975); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1961); cf. Crowe v. Commissioner, 396 F.2d 766 (8th Cir. 1968), affg. a Memorandum Opinion of this Court, (dissatisfaction with distribution of the revenue through the welfare system is not a basis for evading the payment of one's legal tax obligations). Apparently realizing the strength of the precedents holding that neither general principles of international law nor the First Amendment require allowance of the deduction claimed, petitioner makes her sole attack under the Ninth Amendment, which reads as follows: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained *188 by the people. Petitioner asserts that one of the rights guaranteed by the Ninth Amendment is the "right of conscience," and that any extraction from her to be used for military or other expenditures she believes to be illegal or immoral would violate her conscience and beliefs. In a recent opinion of this Court, we rejected the contention that the Ninth Amendment provides protection from the payment of Federal income taxes. Tingle v. Commissioner, supra. We reaffirm. Tingle clearly controls the disposition of this case. Petitioner presents an elaborate argument in her brief that the court in Tingle arrived at the wrong conclusion. The thrust of this contention appears to be that the Ninth Amendment should be viewed as an independent source of law protecting certain fundamental rights beyond those specifically enumerated in the first eight amendments to the United States Constitution. See, Griswold v. Connecticut, 381 U.S. 479 (1965). But even if we were to assume that the Ninth Amendment is a source of substantive rights, and further assume that it includes within its scope a "right of conscience," we would still be unable *189 to conclude that this would override Article I, Section 8 of the Constitution which empowers Congress to lay and collect taxes for the common defense and general welfare, and the Sixteenth Amendment which empowers Congress to lay and collect taxes on incomes from whatever source derived. Tingle v. Commissioner, supra at 820; see Muste v. Commissioner, supra at 919. This argument has been rejected where First Amendment rights were involved, and no different result is demanded under the Ninth Amendment. Autenrieth v. Cullen, supra at 588. Furthermore, the requirement that petitioner pay her fair share of the income tax does not interfere with her "right to conscience." Cf. Russell v. Commissioner, supra at 946 (right to exercise her religion). We emphasize that our holding in no way is meant to belittle petitioner's ideas and convictions which the Court has no doubt are sincere and honest. We simply find ourselves unable to offer relief where the law is clear and the rule sought would entail additional costs to others who may not share petitioner's ideals. Decision will be entered for respondent *190 . Footnotes
1. Since the same issue is involved as to both the 1976 and 1977 taxable years, these cases were consolidated for trial, briefing and opinion.↩