802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL M. REYLING, Plaintiff-Appellant
v.
UNITED STATES OF AMERICA, ET AL., Defendants-Appellees
 No. 86-5413.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 1
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge
 
 ORDER
 
 2
 The plaintiff moves for a stay pending appeal from the district court's order dismissing his tax case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff filed a tax protestor complaint in the district court requesting the refund of his taxes for earlier years because the IRS allegedly lacked jurisdiction over him and because the tax laws are unconstitutional. He also filed a civil rights claim against various of the defendants, alleging that their activities taken against him were illegal because of the lack of jurisdiction. Upon motion, the district court dismissed the case and awarded attorney's fees to the government. The plaintiff moves for a stay of the collection of the fees.
 
 
 4
 In his brief before this Court, the plaintiff raises two main issues on the merits. He argues that the income tax is unconstitutional because it is a direct tax that is prohibited unless it is apportioned among the states. This argument was rejected in Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 18 (1916), and the federal courts have subsequently affirmed that holding. See Crowe v. Commissioner, 396 F.2d 766, 767 (8th Cir. 1968) (per curiam).
 
 
 5
 The plaintiff also argues that the IRS lacks jurisdiction over him. He cites 5 U.S.C. Sec. 556(d) for the proposition that the proponent of a rule or order in an administrative proceeding has the burden of proof on the issue. He then argues that the IRS failed to carry its burden of showing jurisdiction over him.
 
 
 6
 26 U.S.C. Sec. 1 imposes a tax on income. Because the plaintiff had income for the years in question, the IRS has jurisdiction over him. Any burden carried by the IRS on this issue could be easily proven by reference to the tax returns filed by the plaintiff. Lest the plaintiff take this holding as an indication that he should stop filing tax returns, we would note that the failure to file such returns can result in criminal prosecution.
 
 
 7
 We have also considered the plaintiff's other issues and find them to be without merit. Therefore, the motion for a stay pending appeal is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.