C. George SWALLOW, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7405.

United States Court of Appeals
Tenth Circuit

Dec. 12, 1963.

Joseph Keig, Sr., Chicago, Ill., for appellant.

Lawrence M. Henry, Denver, Colo., for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant, Swallow, was convicted of income tax law violations, and his conviction was affirmed on appeal. Swallow v. United States, 10 Cir., 307 F.2d 81, cert. denied 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 499, reh. denied 372 U.S. 925, 83 S.Ct. 718, 9 L.Ed.2d 731. By motion under 28 U.S.C. § 2255, he alleges that the statutes under which he was convicted are unconstitutional and the sentence therefore void. It is asserted in the motion that the income tax laws and regulations are so complex that it is impossible for a taxpayer to comprehend and comply with them, and, therefore, violate the Fifth Amendment to the Constitution of the United States; that such laws, when considered as a whole, are unconstitutionally arbitrary, unfair and discriminatory; that the tax proceeds are used for unconstitutional purposes such as the economic welfare of certain groups of taxpayers, foreign people and foreign governments; and, finally, it is alleged that certain provisions of the Internal Revenue Code violate the establishment of religion clause of the First Amendment to the Constitution. Swallow appeals from an order denying the motion.

The income tax provisions of the Internal Revenue Code and the regula-

tions promulgated thereunder are complex and often difficult of understanding, but we have found no authority which suggests that statutes are unconstitutional for this reason or that the rates constitute a taking of property within the meaning of the Fifth Amendment. It is now well settled that the income tax laws are not unconstitutional under the due process clause of the Fifth Amendment, nor are they unconstitutionally defective because of discriminatory progressive tax rates. Brushaber v. Union Pacific R. Co., 240 U.S. 1,[1] 36 S.Ct. 236, 60 L.Ed. 493; Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; Acker v. Commissioner, 6 Cir., 258 F.2d 568, aff'd 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127.

■■ There is no merit to the contentions that the income tax laws are unconstitutional because the tax proceeds are used to promote the economic welfare of another group of taxpayers or foreign governments and their people. A federal court will not review the foreign policy of the government or the wisdom of the congressional appropriations for welfare purposes. This is an area exclusively within the jurisdiction of the legislative and executive branches, even when the allegation is made that income tax monies are being used to carry on an aggressive war. Farmer v. Rountree, D.C.Tenn., 149 F.Supp. 327, aff'd 6 Cir.,

252 F.2d 490, cert. denied 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156, reh. denied 358 U.S. 858, 79 S.Ct. 14, 3 L.Ed.2d 92. Cf. Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078. In Whetstone v. United States, N.D.Ill., 82 F.Supp. 478, 479, cert. denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746, reh. denied 338 U.S. 840, 70 S.Ct. 36, 94 L.Ed. 514, the court said:

"Congress alone has the power to appropriate money to promote the general welfare and its determination that certain projects are in furtherance of general welfare is decisive. Courts are not concerned with the wisdom of legislative policies, their only function being to interpret the statutes so as to promote and effectuate the disclosed intent of Congress."

■■ Nor is there any substance to appellant's contention that exemptions and deductions allowable for charitable and religious purposes contravene the establishment of religion clause of the First Amendment. Abraham J. Muste v. Commissioner, 35 T.C. 913. Constitutional questions will not be decided upon hypothetical sets of facts. Crane-Johnson Co. v. C. I. R., 8 Cir., 105 F.2d 740, aff'd 311 U.S. 54, 61 S.Ct. 114, 85 L.Ed. 35. Moreover, appellant has not shown how his rights could be affected if these activities were held to be unlawful.

Affirmed.

---

1. Many of the contentions made here are the same as those considered in the case of Brushaber v. Union Pacific R. Co., 240 U.S. 1, at pp. 24, 25, 26, 36 S.Ct. at p. 244, where it was said:

"So far as the due process clause of the Fifth Amendment is relied upon, it suffices to say that there is no basis for such reliance since it is equally well settled that such clause is not a limitation upon the taxing power conferred upon Congress by the Constitution; in other words, that the Constitution does not conflict with itself by conferring upon the one hand a taxing power and taking the same power away on the other by the limitations of the due process clause."

\* \* \*

"In fact, comprehensively surveying all the contentions relied upon, aside from the erroneous construction of the Amendment which we have previously disposed of, we cannot escape the conclusion that they all rest upon the mistaken theory that although there be differences between the subjects taxed, to differently tax them transcends the limit of taxation and amounts to a want of due process, and that where a tax levied is believed by one who resists its enforcement to be wanting in wisdom and to operate injustice, from that fact in the nature of things there arises a want of due process of law and a resulting authority in the judiciary to exceed its powers and correct what is assumed to be mistaken or unwise exertions by the legislative authority of its lawful powers, even although there be no semblance of warrant in the Constitution for so doing."