**John C. WARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7854.**

United States Court of Appeals Tenth Circuit.

April 14, 1965.

Rehearing Denied May 14, 1965.

John C. Ward, pro se.

Elmer Hoge, Asst. U. S. Atty. (Newell A. George, U. S. Atty., District of Kansas, on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

Appellant Ward, a Kansas farmer, was charged in a 3-count information with failure to file federal income tax returns for the years 1957, 1959, and 1961 during which he allegedly had a gross income ranging from over $14,000 to over $26,000. Throughout the proceedings in the trial court and in this court he has insisted on representing himself and has rejected all suggestions that he employ an attorney. At the trial he admitted that he did not file the returns and that his gross income for each of the years in question exceeded $600. Appellant was under the age of 65 and by the terms of

26 U.S.C. § 6012(a) (1) was required to file a return.

 We commend the trial judge for the patience and restraint which he displayed in handling the difficult and trying situation presented by this case. Appellant used the proceedings to make a bitter and intemperate attack on the federal government because of its failure to prosecute certain fortune tellers and oil promoters who allegedly defrauded him and his mother sometime before 1940. In substance he does not like the way the federal government is operated and the ways in which the money raised by income taxes is spent. Objections of this type are sufficiently disposed of by our opinion in Swallow v. United States, 10 Cir., 325 F.2d 97, certiorari denied 377 U.S. 951, 84 S.Ct. 1630, 12 L.Ed.2d 497. Nothing more need be said in this regard.

 Appellant urges that he was denied due process of law because his "trial was updated from March 16th of 1964 to March 11th of 1964" and because of this updating he did not have time to get his witnesses. The information was filed May 29, 1963. At his arraignment on July 10, 1963, he pleaded not guilty. At some undisclosed date the clerk of the court sent out a notice of a call of the calendar for March 16, 1964, at Topeka, Kansas. Appellant, as attorney pro se, apparently received a notice of this calendar call. Later the clerk notified appellant that his case would be tried on March 11. Appellant admits receiving this notice on March 6. When the case was called on March 11 appellant announced that he was ready; that he could employ counsel if he wished; and that he desired to proceed without the aid of counsel. He did not request a continuance. He did not attempt to subpoena any witnesses. He did not complain about the updating or his inability to get witnesses until the argument of his motion for a new trial. At no time either in the trial court or in this court did appellant say what witnesses he would have called or what their testimony would have been. In the circumstances there is no denial of due process. See Leino v. United States, 10 Cir., 338 F.2d 154, 156.

Affirmed.