Virginia C. O'Rourke v. Commissioner.
O'Rourke v. Commissioner
Docket No. 2332-71.
United States Tax Court
T.C. Memo 1971-182; 1971 Tax Ct. Memo LEXIS 149; 30 T.C.M. (CCH) 766; T.C.M. (RIA) 71182; July 28, 1971, Filed *149 Petition alleging only deprivation of constitutional rights because of conscientious objection to participation in any military activities does not raise issues cognizable or justiciable by this Court and does not comply with the Rules of Practice of the United States Tax Court. Motion to dismiss for failure properly to prosecute, granted. Andrew S. Coxe, 1316 Spruce St., Berkeley, Calif., for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent moved to dismiss this case for failure properly to prosecute, and that the Court enter a decision determining that there are due from petitioner deficiencies in income tax and additions to tax in the amounts set forth in the notice of deficiency issued to petitioner under date of January 21, 1971, on the ground that the petition fails to comply with Rule 7(c)(4)(B) of the Rules of Practice of the United States Tax Court in that it does not set forth clear and concise assignments of error which the petitioner alleges to have been committed by the respondent in determining the deficiencies and additions to tax. In the notice of deficiency issued to petitioner respondent determined deficiencies in petitioner's *150 income tax for the years 1967, 1968, and 1969 and certain additions to tax for failure to file returns and underpayment of tax due to negligence or intentional disregard of rules and regulations. The explanation of adjustments stated as follows: (a) Inasmuch as you failed to file income tax returns for the years 1967, 1968 and 1969, your income is determined to be $3,000.00 for 1967 and $3,600.00 for each of years 1968 and 1969. This income represents alimony paid to you by your ex-husband, Mr. Paul O'Rourke and as such is taxable to you as ordinary income. Your tax liability is determined by use of the Tax Table using one exemption. Petitioner filed a timely petition in this Court. In it she assigned as errors of the Commissioner in determining the tax deficiencies, the following: The Commissioner as an official no longer holds legitimate status, since the present U.S. government in Washington no longer holds legitimate status. Therefore, such government officials do not represent me and I do not grant them powers previously held to determine or collect tax monies. The above government officials have deprived me of my constitutional rights under the 1st, 5th and 14th Amendments *151 of the Constitution. The facts asserted in the petition in support of the assignments of error were as follows: The First Amendment of the U.S. prohibits the Congress from requiring me to finance and thus participate in military activities to which I have a conscientious objection. I do conscientiously object to war in any form, and claim exemption from participation in these military activities. The war in Vietnam is contrary to the Constitution; contrary to binding treaties and contrary to International Law. Participating in the war, or financing it, makes me a war criminal in the sense of the Nuremberg Judgment. I do not wish to be charged; neither can I be compelled to participate in war in any form. I have been deprived of due process guaranteed by the Fifth Amendment, and 767 of equal protection of the law, as it is embraced in the same amendment or as it is given to every person in this country by the implications of the Fourteenth Amendment. When I tried these matters in court (including the Supreme Court) along with over 100 others in a class suit, no redress for grievances was allowed. No recourse is left to my conscience short of the actions followed, including *152 not filing income tax reports. Reference was also made to a copy of a letter from petitioner addressed to the Internal Revenue Service Center, Ogden, Utah, dated January 14, 1967, which was attached. Petitioner was notified of the filing of respondent's motion to dismiss, and of her right to file a proper amended pleading in accordance with Rule 27(a)(3) of the Rules of Practice, and a hearing on the motion was calendared for July 14, 1971, in Washington, D.C.
On June 14, 1971, the Court received a letter from petitioner, dated June 7, 1971, which was filed as her response to respondent's motion, which is quoted in full below: Dear Friends: It does not surprise me to receive notification that my petition for a hearing at the Tax Court in the case of the above Docket is being contested on the grounds that it does not "set forth clear and concise assignments of error which the petitioner alleges to have been committed by the Commissioner in determining the deficiencies and additions to tax." On the contrary, my petition was very specific. And I hereby declare that my constitutional rights are once again being taken from me; specifically, my rights under the 1st, 5th and *153 14th Amendments of the Constitution. It is noteworthy that in the many cases over recent years when citizens have attempted to assert their constitutional rights in the courts where the issues related to the Vietnam War, the courts have time and again refused to recognize the relevancy of the issues. Parallels are unmistakably visible between our courts now and those of Germany during Hitler's dominancy. Kindly refund the $10 which accompanied my petition application that I may donate it towards efforts of a peace institution in which I believe, like the War Resisters League. With sorrow, /s/ Virginia O'Rourke When respondent's motion to dismiss was called for hearing on July 14, 1971, no appearance was made by or in behalf of petitioner, and the motion was argued by counsel for respondent. Upon consideration of all of which the Court is of the opinion that none of the assignments of error made by petitioner in her petition are cognizable or justiciable by this Court, see Farmer v. Rountree, 149 F. Supp. 327, affirmed per curiam 252 F. 2d 490 (C.A. 6); Swallow v. United States, 325 F. 2d 97; Abraham J. Muste, 35 T.C. 913; *154 that the petition does not allege any facts which if true would establish error in the respondent's determination of deficiencies; that the petition filed in this case does not comply with the Rules of Practice of the United States Tax Court, particularly Rule 7(c)(4)(B); that petitioner does not intend to file a proper amended petition assigning errors and raising issues which are cognizable or justiciable by this Court; and that this case should be dismissed for failure properly to prosecute. Accordingly, respondent's motion to dismiss is granted and an Order will be entered determining that there are deficiencies in petitioner's income tax and additions to tax for the years 1967, 1968, and 1969 in the amounts determined in the statutory notice of deficiency.