**John R. WOOD and Sadie L. Wood,
Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVE-
NUE, Respondent-Appellee.**

**No. 72-1510
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 6, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

I. W. Whitesell, Jr., Sarasota, Fla., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, Edward D. Robertson, Atty., I. R. S., Washington, D. C., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Taxpayer, John R. Wood, appeals from a determination by the Tax Court that certain expenses incurred in connection with the commemoration services of a veterans' organization held in the Philippines were not deductible as "contributions" to the veterans' organization under 26 U.S.C.A. § 170(c) (3).[1] Finding the Tax Court not clearly erroneous in its findings of fact and correct in its conclusions of law, we affirm.

Taxpayer is a member of the American Defenders of Bataan and Corregidor, Inc. (American Defenders), a group of American veterans whose general membership is limited to those military personnel who defended the Philippines during the Second World War between December, 1941, and May, 1942. Taxpayer and his wife journeyed to the Philippines for about two weeks in April of 1967. During the first three days of that trip the American volunteers attended a ceremony commemorating the twenty-fifth anniversary of the fall of Bataan and Corregidor. The commemoration ceremony was organized and sponsored by the Defenders of Bataan and Corregidor (Philippine Defenders), the Philippine counterpart of the American Defenders. The American Defenders were invited to attend, and it appears that the American Defenders' organization planned and chartered the trip which took the taxpayer and about 480 other members and their families to the Philippines. In his return for the taxable year 1967, taxpayer claimed a charitable deduction of $1,418.40, as

---

1. "(c) Charitable contribution defined.— For purposes of this section, the term 'charitable contribution' means a contribution or gift to or for the use of—

   \*     \*     \*     \*     \*

   (3) A post or organization of war veterans, or an auxiliary unit or society of, or trust or foundation for, any such post or organization—

   (A) organized in the United States or any of its possessions, and

   (B) no part of the net earnings of which inures to the benefit of any private shareholder or individual."
   26 U.S.C.A. § 170(c) (3).

"unreimbursed expenses" for his trip to the commemoration ceremonies.[2] The Commissioner disallowed the deduction, and the Tax Court affirmed. Taxpayer appeals, alleging: (1) that the Tax Court incorrectly interpreted 26 U.S.C. A. § 170(c) (3), *supra* note 1; (2) that the Internal Revenue Code of 1954 discriminates between certain forms of income in such an unreasonable and unjust manner that it amounts to a taking of private property for public use without just compensation, in violation of the Fifth Amendment; and (3) that the Internal Revenue Code of 1954 violates the due process clause of the Fifth Amendment by being so vague as to be capricious and arbitrary. Finding each of taxpayer's allegations to be without merit, we affirm.

Tax regulations implemented pursuant to Section 170(a) (1) [3] provide that there can be no deductions for services rendered to a veterans' organization qualifying under Section 170(c) (3),[4] but that there can be deductions for "unreimbursed expenses" made incident to the rendition of such services, including transportation. *See* 26 C.F.R. § 1.-170–2(a) (2). However, the critical inquiry regarding deductibility of "unreimbursed expenses" is whether or not the expenses in question constitute the "rendition of services" to a qualified organization within the intent of the regulation. Thus, the question in this case sifts down to a determination of whether or not taxpayer was engaged in a substantive "rendition of services" to the American Defenders when he attended the ceremonies in the Philippines. It appears clear from the record that taxpayer did not substantively render services to the American Defenders within

the ambit of the statute and the regulation. The critical determinant is that taxpayer had absolutely no function to play in behalf of the American Defenders. The trip was completely voluntary, the annual American Defenders convention itself having been postponed beyond its usual June date until August of 1967 in order to accommodate the Philippine trip. Only a very few American Defenders had symbolic roles to play in the ceremonies themselves, and taxpayer was not among these. There is testimony in the record indicating that the primary purpose of the trip was simply to allow the old comrades-in-arms to get together and reminisce. Taxpayer produced a letter from the national commander of the American Defenders that purported to designate taxpayer a "delegate" of the American Defenders. Certain revenue rulings do allow deductions for expenses when a member of a qualified veterans' organization attends a convention as a delegate. *See* Rev.Rul. 58–240, 1958–1 Cum.Bull. 141. However, it appears from the record that every other American Defender who made the pilgrimage to the Philippines was also designated a "delegate" by the same form letter. It also appears that none of the so-called "delegates," except those few who actually participated in the ceremonies, had any substantive function whatsoever that related to the operation of the American Defenders. Taxpayer argues only that his presence for three days out of the four-day ceremony contributed to the goal of the American Defenders "to foster patriotism." We agree with the taxpayer that this goal is laudatory and that the American Defenders is a worthwhile organization. However, the proper inquiry of this

---

2. Although taxpayer's wife accompanied him no deduction was claimed for her expenses.

3. "(a) Allowance of deduction.—
　　(1) General rule.—There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable con-

tribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate."
26 U.S.C.A. § 170(a) (1).

4. It is undisputed that the American Defenders is a qualified veterans' organization under Section 170(c) (3).

court for purposes of the income tax must be

". . . neither whether the organization is worthy, nor whether it is engaged in desirable activities, but . . . whether the particular matter under review is covered by the specific statutory provision relating to it."

Estate of Blaine, 22 T.C. 1195, 1212 (1954). Taxpayer's presence in the Philippines was not a "rendition of services" within the scope of Section 170 and its attendant regulations, and the Tax Court's conclusion that taxpayer's unreimbursed expenses are not deductible under that section is affirmed.

■■ We do not reach the merits of taxpayer's two constitutional arguments in this appeal, for neither allegation was made below. However, we feel compelled to express our doubt that taxpayer would ever be successful in his assertions that the Internal Revenue Code of 1954 is so arbitrary and vague that it violates the Fifth Amendment as a public taking of private property without just compensation or as denial of due process. Those of us who must digest an occasional overcooked statute, regulation, or bulletin in the Internal Revenue Code as part of our staple judicial diet are conditioned by years of gastronomic experience to conclude that the Code is not constitutionally indigestible. *See* Brushaber v. United Pacific Ry. Co., 1916, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493; Swallow v. United States, 10 Cir. 1963, 325 F.2d 97, cert. denied, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 499; *see also* Knowlton v. Moore, 1899, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; Acker v. Commissioner of Internal Revenue, 6 Cir. 1958, 258 F.2d 568, aff'd, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127; Cain v. United States, 5 Cir. 1954, 211 F.2d 375, cert. denied, 347 U.S. 1013, 74 S.Ct. 868, 98 L.Ed. 1136; Crowe v. Commissioner of Internal Revenue, 8 Cir. 1968, 396 F.2d 766. The judgment of the Tax Court is affirmed.

Affirmed.