KELLEY C. GAINES EL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gaines El v. Commissioner
Docket No. 9121-72.
United States Tax Court
T.C. Memo 1975-54; 1975 Tax Ct. Memo LEXIS 317; 34 T.C.M. (CCH) 319; T.C.M. (RIA) 750054; March 12, 1975, Filed *317 Kelley C. Gaines El, pro se. Joseph T. Chalhoub and Jack E. Prestrud, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: On December 20, 1974, respondent filed a motion for judgment on the pleadings in this case. A hearing on the motion was held in Washington, D.C., on February 5, 1975. Respondent determined deficiencies in petitioner's Federal income taxes in the amount of $125 for 1969, $905 for 1970, and $1,340 for 1971. The only issue presented is whether the petitioner, a Moorish American, is subject to Federal income tax. Petitioner Kelley C. Gaines El is a married individual who maintained his legal residence in Euclid, Ohio, at the time he filed his petition in this case. He filed separate Federal income tax returns for the years 1969, 1970, and 1971, reporting on those returns income earned during those years. The deficiencies determined by respondent result from the disallowance of claimed personal exemptions for the years 1969, 1970, and 1971, and from adjustments to the standard deduction and the tax rates because of petitioner's separate filing status. Petitioner alleges error in his petition on the single ground that he, *318 as a Moorish American, is not legally subject to Federal income tax. He attached to his petition a document entitled "Zodiac Constitution for the Moorish Nation of North America." Article III of this constitution sets forth the claim that Moorish Americans as a group are not subject to tax. Respondent denies petitioner's allegations in his answer, and he has moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure, on the limited issue involved. In support of his claim of nontaxability, petitioner asserts that Moorish Americans are the aborigines of the North American continent whose ruling status was usurped by the United States' Founding Fathers and who are without representation in the United States Government. Because of this, petitioner contends that he and other Moorish Americans are deserving of special consideration and cannot be legally taxed by the Federal Government. Moorish Americans are a group comprised of persons of the Black or Negro race. It is not clear whether petitioner claims that he is exempt from taxation under the United States Constitution or is exempt from the United States Constitution to the extent it conflicts with *319 the Moorish constitution. This Court has previously held that taxpayers have no right under the United States Constitution to withhold payment of Federal taxes on religious or moral grounds. Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961). In Russell we held that the taxpayer stated no claim on which relief could be granted when she alleged that she had a right to refuse to pay Federal taxes because of her religious convictions and of her belief that the activities of the United States in Southeast Asia were illegal. Our decisions are in accord with those of other courts. See Autenrieth v. Cullen,418 F. 2d 586 (C.A. 9, 1969), certiorari denied 397 U.S. 1036 (1970). See also United States v. Malinowski,472 F. 2d 850 (C.A. 3, 1973), certiorari denied 411 U.S. 970 (1973). Cf. United States v. American Friends Service Committee,U.S. , 74-2 U.S.T.C. par. 9774 (U.S.S.C. 1974). Similarly, a taxpayer cannot excuse payment of his legal tax obligation on the basis that he is dissatisfied with the distribution of the revenue *320 or because the proceeds are used to promote the economic welfare of another group of taxpayers. See Crowe v. Commissioner,396 F. 2d 766 (C.A. 8, 1968), affirming per curiam a Memorandum Opinion of this Court; Swallow v. United States,325 F. 2d 97 (C.A. 10, 1963), certiorari denied 377 U.S. 951 (1964). We think that what the Court of Appeals for the Ninth Circuit said in the Autenrieth case at 418 F. 2d 588-589 about religion applies to racial groups as well: * * * nothing in the [United States] Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government. * * * The Income Tax Act does not "aid one religion, aid all religions, or prefer one religion over another." * * * It taxes plaintiffs like all others, because they are citizens or residents who have taxable income. On matters religious, it is neutral. * * * The contention that members of the Black or Negro race are exempt from tax under the United States Constitution has been previously rejected by the Court of Appeals for the Sixth Circuit in a case similar to the one at bar. *321 See Walters v. Walters, 474 F. 2d 1349 (C.A. 6, 1973), an unreported case (31 A.F.T.R. 2d 73-968, 73-1U.S.T.C. par. 9396). While we do not question the sincerity of petitioner's beliefs, we conclude that he is not exempt from tax under the United States Constitution because he is a Moorish American. We note that he filed tax returns for all the years in question, reporting income thereon. Moreover, from the record it appears that petitioner is a bona fide resident of the United States--particularly the State of Ohio. Presumably he is eligible to vote in Federal elections. Having enjoyed the benefits of his status as a citizen of the United States, petitioner is not exempt from his obligation to help financially support the Government. Since the petitioner is not constitutionally exempt from Federal income tax under the United States Constitution, we also hold that the Moorish constitution does not take precedence over the United States Constitution and excuse petitioner from his tax liability. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.