BEATRICE ANN HAWLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hawley v. Commissioner
Docket No. 7219-74.
United States Tax Court
T.C. Memo 1975-239; 1975 Tax Ct. Memo LEXIS 132; 34 T.C.M. (CCH) 1034; T.C.M. (RIA) 750239; July 21, 1975 Filed Beatrice Ann Hawley, pro se. Barry Latterman, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $2,370.65 deficiency in petitioner's 1972 income tax and an addition to tax of $93.53 under section 6651(a), I.R.C. 1954. Petitioner sought review of the determination in this Court alleging as the sole error the Commissioner's disallowance of a "War Crimes Deduction" of $11,722.58. The Commissioner has filed a motion for judgment on the pleadings. Petitioner alleges that the United States has pursued objectives and committed acts in Southeast Asia that are criminal in nature and which amount to the conduct of an "aggressive war". Therefore, she argues, to avoid her complicity in these acts international law compels her to refuse to pay any income tax the revenue *133 from which might support such activities, and although not sanctioned by the Internal Revenue Code, the "war crimes deduction" is the most expedient means of effecting nonpayment. Petitioner also contends that the income tax is unconstitutional because it was not levied, as required by Article I, Section 8, of the Constitution, "to pay the Debts and provide for the common Defense and general Welfare of the United States". We are persuaded by the sincere and forthright presentation of her case that petitioner is a person of deep convictions. Nevertheless, it is too well settled to merit further discussion that her objection to Government policy does not afford a basis for refusing to comply with the tax laws. Cf. United States v. Malinowski,472 F. 2d 850 (C.A. 3); Autenrieth v. Cullen,418 F. 2d 586 (C.A. 9); Ward v. United States,344 F. 2d 316 (C.A. 10); Swallow v. United States,325 F. 2d 97 (C.A. 10); Susan Jo Russell,60 T.C. 942; United States v. Douglass,476 F. 2d 260 (C.A. 5); Abraham J. Muste,35 T.C. 913. Assuming the truth of all *134 of petitioner's allegations of fact, she has not alleged any facts calling for disapproval of the Commissioner's determination. The motion for judgment on the pleadings will be granted, and Decision will be entered for the respondent.