N. JEAN DORMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dorman v. Commissioner
Docket No. 2315-74.
United States Tax Court
T.C. Memo 1975-306; 1975 Tax Ct. Memo LEXIS 69; 34 T.C.M. (CCH) 1335; T.C.M. (RIA) 750306; October 6, 1975, Filed N. Jean Dorman, pro se. Joseph R. Peters, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in the amount of $242 in the individual Federal income tax of petitioner N. Jean Dorman for the taxable year ended December 31, 1972. [1] The issues presented for our determination are: (1) Whether, under section 170, I.R.C. 1954, [2] petitioner is entitled to deduct the amount of $1,571.05 claimed on her 1972 *71 income tax return as contributions to Government agencies; and (2) whether the income tax laws, as embodied in the Internal Revenue Code of 1954, operate, as alleged by petitioner, to unconstitutionally abridge petitioner's asserted right to uniformity of taxation such that, irrespective of the application of section 170, the claimed $1,571.05 constitutes an allowable deduction in redress of said lack of uniformity. FINDINGS OF FACT Certain facts have been stipulated and are accordingly so found. Petitioner N. Jean Dorman (hereinafter referred to as petitioner), at all times material herein, was an unmarried individual residing in Madison, Wis. Petitioner's Federal individual income *72 tax return, Form 1040, for the taxable year 1972 was filed on April 9, 1973, with the midwest service center of the Internal Revenue Service at Kansas City, Mo. During the taxable year 1972, petitioner was neither a head of household nor a surviving spouse for purposes of sections 1(b) and 1(a), respectively. On her return for 1972, petitioner reported salary income in respect of her position as an administrative assistant at the University of Wisconsin. Form W-2 attached thereto indicates that Federal income tax in the amount of $1,531.10 was withheld from her wages for 1972. On Schedule A of said return, in addition to other itemized deductions not here in issue, petitioner listed $1,571.05 under contributions which are denominated as Government agencies. Petitioner did not directly disburse this $1,571.05; instead, the $1,571.05 figure represents petitioner's valuation of her labor, consisting of household and the other personal services necessary to maintain her earning capacity, which she deems to have been contributed involuntarily by operation of the withholding tax mechanism. The actual amount withheld, $1,531.10, itself bears no relation to the amount of contributions claimed. *73 Petitioner's return listed taxable income in the amount of $6,481.98 on the basis of which petitioner computed her tax using Tax Rate Schedule X, section 1(c), I.R.C. 1954. The Commissioner disallowed the claimed $1,571.05 deduction in its entirety. OPINION This case involves the deductibility of $1,571.05 claimed by petitioner on her 1972 Federal individual income tax return as contributions to Government agencies and requires our determination as to: (1) Whether the claimed deduction qualifies as a charitable contribution under section 170; [3] and (2) alternatively, whether, irrespective of the applicability of section 170, the income tax laws unconstitutionally discriminate against petitioner's status as an unmarried, working individual in violation of her asserted right to uniformity of taxation such that petitioner is therefore entitled to deduct the amount claimed in redress of said lack of uniformity. *74 The $1,571.05 figure apparently represents that amount by which petitioner's income must be reduced to arrive at a tax liability equal to the tax liability of a married couple of which only one spouse is employed outside the home but who have the same income and file a joint return. If this is incorrect, petitioner has not adequately explained how she arrived at the amount claimed as a deduction. As a threshold matter applicable to both questions presented, we reiterate the established principle that the allowance of deductions "depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). To the extent, then, that the claimed deduction depends on the application of section 170, we believe, as petitioner herself acknowledges, that section 170 does not authorize the deduction in issue. Considering briefly the requisites of section 170, we find that petitioner has made neither a charitable contribution as defined in section 170(c) nor a payment as required by section 170(a). [4]Section 1.170A-1(g), Income Tax Regs., expressly excludes contributions *75 of services from qualification under section 170. Moreover, petitioner's services (labor performed in leisure hours) do not appear to have actually been rendered to anyone so as to constitute payment within the ambit of section 170(a). Even if the $1,571.05 is characterized as a contribution of money, albeit in the form of withholding, representing the value of petitioner's labor, and assuming, arguendo, that the United States is in fact the recipient, we cannot consider the "for exclusively public purposes" criterion of section 170(c)(1) to be satisfied by either the discharge, whether complete or partial, of petitioner's existing legal obligation to pay Federal income tax or petitioner's attempt to effect remedial adjustments in petitioner's own tax liability. Accordingly, we find that section 170 provides no authority for petitioner's claimed deduction of $1,571.05 as contributions to Government agencies. *76 Focusing on petitioner's alternative contention, the thrust of which places the constitutionality of the income tax laws in issue, we note at the outset that, although petitioner presents several illustrations evincing the general parameters by which she measures the alleged discriminatory effect of the tax laws, petitioner does not demonstrate a precise correlation between said effect and the amount of $1,571.05 claimed as redress thereof. Petitioner premises her argument on her asserted right to uniformity of taxation. She contends that by virtue of the income splitting privilege afforded by a joint return, a working married individual, with what petitioner terms a "stay-at-home spouse," can effectively parlay the value of 1 hour of the worker's labor into a benefit eight times the value derived by a single working individual having no spouse to perform the necessary supportive housework and with whom to split the worker's earned income. Correlatively, petitioner points out that if both spouses work, the tax laws operate to unconstitutionally burden such couples since the joint return no longer affords an income-splitting benefit. As respondent properly indicates, we have, *77 however, had occasion to specifically consider the constitutionality of the disparity in the respective tax treatment accorded by the tax rates for married individuals and the rates for unmarried individuals. In Vivien Kellems,58 T.C. 556 (1972), affd. per curiam 474 F. 2d 1399 (2nd Cir. 1973), cert. denied 414 U.S. 831 (1973), in holding that the application of single return rates, without the incomesplitting benefit of section 2(a), [5] to petitioner's taxable income did not constitute a violation of petitioner's constitutional rights under the Fifth, Ninth, Fourteenth, and Sixteenth Amendments or Art. 1, sec. 2, clause 3, and Art. 1, sec. 9, clause 4 of the United States Constitution, we invoked the standard established in United States v. Maryland Savings-Share Ins. Corp.,400 U.S. 4 (1970): Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts. McDonald v. Board of Election Comm'rs.,394 U.S. 802, 809 (1969), McGowen v. Maryland,336 U.S. 420, 426 (1961), Standard Oil Co. v. City of Marysville,279 U.S. 582, 586-587 (1929). *78 * * * [400 U.S. at 6 quoted in 58 T.C. at 558.] Applying this test, we concluded that: Petitioner's central argument thus hangs on the issue whether this Court "perceives"a rational basis for the distinction drawn between married and single persons for purposes of the applicable rates of taxation. We do perceive such a basis. [58 T.C. at 558.] on the theory that Congress enacted the joint return provisions in order to achieve equality of tax treatment for married couples and neutralize the effect of community property laws in determining the tax liability for married persons. Vivien Kellems,supra at 558-559. *79 We believe, then, that our analysis in Vivien Kellems is dispositive of the case at bar; that is, we find that the separate rates applicable to married and unmarried individuals do not unconstitutionally discriminate against petitioner herein. We cannot conclude, as petitioner so urges, that the differential resulting from a taxpayer's employment status of itself vitiates the rational basis upon which we uphold the current rate structure. Moreover, as a general matter, that petitioner objects to the purposes to which her taxes are put affords no basis for allowance of the deduction. Just as we have determined that a taxpayer's moral objections or doubts as to the constitutionality of the expenditure of tax revenue in the "war crimes" case of Susan Jo Russell,60 T.C. 942 (1973), [6] do not warrant the refusal to pay Federal income tax, by analogy we find that petitioner cannot similarly so justify the claimed deduction herein. More specifically, to the extent petitioner predicates *80 her constitutional challenge on the discriminatory burden petitioner deems imposed upon her to subsidize unearned benefits to nonworkers, we respond by reference to Swallow v. United States,325 F. 2d 97 (10th Cir. 1963), cert. denied 377 U.S. 951 (1964), where, in affirming the taxpayer's conviction for income tax violation, the court therein stated: There is no merit to the [taxpayer's] contentions that the income tax laws are unconstitutional because the tax proceeds are used to promote the economic welfare of another group of taxpayers or foreign governments and their people. A federal court will not review the foreign policy of the government or the wisdom of the congressional appropriations for welfare purposes. This is an area exclusively within the jurisdiction of the legislative and executive branches * * *. [325 F.2d at 98.] For the reasons herein cited, we therefore find no authority, statutory or otherwise, which would warrant the deduction in issue. Accordingly, petitioner is not entitled to deduct on her individual Federal income tax return for 1972 the amount of $1,571.05 claimed as contributions to Government agencies. *81 Decision will be entered for the respondent.
Footnotes
1. After disallowing the claimed $1,571.05 deduction for contributions, respondent determined that it was to petitioner's advantage to use the standard deduction rather than the remaining itemized deductions and accordingly recomputed petitioner's income tax liability for 1972 on that basis, arriving thereby at the amount of the asserted deficiency therein. ↩
2. All section references are to the Internal Revenue Code of 1954, as in effect in the taxable years involved, unless otherwise specified.↩
3. Petitioner did not specify any particular section of the Internal Revenue Code under which she claimed the deduction. In fact she acknowledged in her oral testimony that the amount claimed was not deductible under any provision of the Code. Since the amount was claimed on petitioner's return as a charitable contribution we examine the applicability of sec. 170↩ of the Code which allows a deduction for charitable contributions.
4. In pertinent part, sec. 170 provides: (a) Allowance of Deduction.-- (1) General Rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. * * *
(c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (1) A State, a possession of the United States, or any political subdivision of any of the foregoing, or the United States or the District of Columbia, but only if the contribution or gift is made for exclusively public purposes. * * *↩
5. The relevant sections of the Internal Revenue Code, as amended through P.L. 88-272, Feb. 26, 1964, were as follows: SEC. 1. TAX IMPOSED. (a) Rates of Tax on Individuals.-- * * *
(2) Taxable years beginning after December 31, 1964.--In the case of a taxable year beginning after December 31, 1964, there is hereby imposed on the taxable income of every individual (other than a head of household to whom subsection (b) applies) a tax determined in accordance with the following table. * * *
SEC. 2. TAX IN CASE OF JOINT RETURN OR RETURN OF SURVIVING SPOUSE. (a) Rate of Tax.--In the case of a joint return of a husband and wife under section 6013, the tax imposed by section 1↩ shall be twice the tax which would be imposed if the taxable income were cut in half. * * *
6. See also Beth Widzowski,T.C.Memo. 1975-201; Francis J. Costello,T.C. Memo. 1975-55; Beatrice Ann Hawley,T.C.Memo. 1975-239↩.