THOMAS W. HILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 2085-77.
United States Tax Court
T.C. Memo 1978-87; 1978 Tax Ct. Memo LEXIS 427; 37 T.C.M. (CCH) 407; T.C.M. (RIA) 780087; March 2, 1978, Filed *427 Held, the petitioner has no constitutional right to refuse to pay income taxes because of his religiously motivated objections to Government policy; held, further, the petitioner lacks standing to raise the issue of violations of international law allegedly committed by the United States. Scheide v. Commissioner,65 T.C. 455 (1975), followed. Thomas W. Hill, pro se. Russell K. Stewart, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner has made a timely motion to dismiss this case for failure to state a claim upon which relief can be granted. A hearing was held on such motion on November 7, 1977. The only issue raised by this motion is whether the petitioner is entitled to claim a deduction for "war crimes tax mispayment allowance." The petitioner, Thomas W. Hill, resided in Bethlehem, Pa., at the time he filed his petition in this case. On his Federal income tax return for 1975, the petitioner claimed a deduction of $2,575.21 for "war crimes tax mispayment allowance." The Commissioner disallowed this deduction and determined a deficiency of $322.00 for such year. In his petition, the petitioner *428 stated that by reason of religious training and belief, he is conscientiously opposed to any form of participation in war, including serving in the armed forces, using his talents to design or build weapons, or paying others to "'serve,' design or build" for him. He argues that the imposition of income taxes to be used for these purposes violates the First Amendment guarantee of free exercise of religion. He also alleges that the United States has been engaged in violations of international law, and that the payment of taxes to the Government to enable it to carry on such alleged illegal activities constitutes complicity in the commission of crimes against peace under the Nuremberg Principles. The petitioner's first claim, that the payment of taxes unconstitutionally infringes upon the free exercise of his religious beliefs, has been previously considered by this Court in the cases of Muste v. Commissioner,35 T.C. 913, 918-919 (1961), and Russell v. Commissioner,60 T.C. 942, 945-946 (1973). In both cases, we held that the First Amendment guarantee of religious freedom does not give an individual immunity from the payment of income taxes to be *429 used for purposes to which he objects for religious reasons, since the payment of such taxes does not directly restrict the free exercise of an individual's religion. See also Autenrieth v. Cullen,418 F. 2d 586, 588-589 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); compare Murdock v. Pennsylvania,319 U.S. 105 (1943). Accordingly, we find the petitioner's first argument to be without merit. The petitioner's second argument likewise must be rejected. In Egnal v. Commissioner,65 T.C. 255 (1975), we rejected the taxpayer's claim that the payment of income taxes would constitute complicity in alleged violations of international law under the Nuremberg Principles. In a subsequent case, Scheide v. Commissioner,65 T.C. 455 (1975), we held that a taxpayer qua taxpayer did not have standing to raise the issue of the illegality of the American involvement in Viet Nam. Moreover, we held, relying upon our opinion in Egnal v. Commissioner,supra, that standing could not be based upon the claim that the payment of taxes would render the taxpayer criminally liable for alleged *430 illegal acts of the United States. As the payment of taxes does not constitute complicity in any alleged illegal acts of one's government, we held that the taxpayer lacked a personal stake in the claim she sought to litigate, a prerequisite for standing. Scheide v. Commissioner,supra at 458. Accordingly, the petitioner has failed to demonstrate that he has standing to adjudicate the second issue. At the hearing, the petitioner voiced other concerns about the policies of our Government. He objects to the proliferation of nuclear arms and is concerned about the danger allegedly caused by the construction of nuclear power plants. But a taxpayer's disagreement with the policies of the Government, however sincere, does not justify nonpayment of income taxes. E.g., Crowe v. Commissioner,396 F. 2d 766 (8th Cir. 1968), affg. per curiam a Memorandum Opinion of this Court; Swallow v. United States,325 F. 2d 97 (10th Cir. 1963), cert. denied 377 U.S. 951 (1964); Farmer v. Rountree,149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F. 2d 490 (6th Cir. 1958), cert. denied 357 U.S. 906 (1958). *431 The petitioner's arguments should be addressed to Congress and the executive branch of our Government, rather than to this Court. Accordingly, the Commissioner's motion to dismiss for failure to state a claim will be granted. An appropriate order and decision will be entered.