PETER W. HERBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herby v. Commissioner
Docket Nos. 10897-75, 2686-77.
United States Tax Court
T.C. Memo 1978-119; 1978 Tax Ct. Memo LEXIS 397; 37 T.C.M. (CCH) 535; T.C.M. (RIA) 780119; March 27, 1978, Filed *397 Peter W. Herby, pro se. William Brackett, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These motions were assigned to and heard by Special Trial Judge Murray H. Falk. The Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Docket no. 10897-75 is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure, and docket no. 2686-77 is before the Court on respondent's motion to dismiss, pursuant to Rule 120, Tax Court Rules of Practice and Procedure, for failure to state a claim. Petitioner filed objections and a memorandum brief in opposition to both motions and both parties' oral arguments were heard. Respondent determined deficiencies of $181 *398 and $749 in petitioner's federal income taxes for 1974 and 1975, respectively, and an addition to tax under section 6653(a) [2] for 1975 in the amount of $37.45. At issue is a deduction claimed by petitioner as a "miscellaneous deduction" in respect of his conscientious objections to the payment of federal income taxes to support war. At the time each petition was filed, petitioner resided at Salem, Virginia. Petitioner's allegations of error in both petitions are substantially identical. He avers: Since 8/29/72 I have been legally recognized by the government as a conscientious objector to war because of religious beliefs. Since 61% of federal taxes go to support war, I cannot in good conscience pay these taxes and so claimed a war tax deduction on my * * * tax form. I claim the First and Ninth Amendments as valid basis for my action and non-payment of federal income tax. I have paid an amount equal to my federal taxes to a soup kitchen, medical clinic and hospitality house in Washington, D.C. which serve the poor of that city. I chose this as a worthy alternative *399 because it provides services to citizens which the federal taxes might preferably have been spent on. Respondent's motions must be granted if there is no genuine issue as to any material fact and a decision in respondent's favor may be rendered as a matter of law. Rule 121, Tax Court Rules of Practice and Procedure; Anthony v. Commissioner,66 T.C. 367, 368 (1976). These criteria are met here and the motions are hereby granted. The law is so well settled that no extended discussion is necessary. We do not doubt, nor does respondent attack, the sincerity of petitioner's convictions. His classification as a conscientious objector for purposes of our military conscription laws does nothing more than bolster a point not in issue. [3] For the purpose of these motions, respondent admits all of the material allegations of the petitions. *400 "The requirement that the petitioner bear * * * [his] fair share of the income tax does not interfere with the right to exercise * * * [his] religion." Russell v. Commissioner,60 T.C. 942, 946 (1973). The taxing statute does not violate the First Amendment guarantee of religious freedom in these circumstances. Anthony v. Commissioner,supra at 373; Muste v. Commissioner,35 T.C. 913, 918-919 (1961). The Ninth Amendment cannot be applied to negate section 8 of article I of the Constitution, which grants to Congress the power to lay and collect taxes. [4] See Autenrieth v. Cullen,418 F.2d 586, 588 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970). Basically, petitioner objects to the way the government spends its money. But, a taxpayer's disagreement with the policies of the government, however sincere, does not justify nonpayment of income taxes. E.g. Crowe v. Commissioner,396 F.2d 766 (8th Cir. 1968) (per curiam), affg. a Memorandum Opinion of this Court; Ward v. United States,344 F.2d 316 (10th Cir. 1965); Swallow v. United States,325 F.2d 97 (10th Cir. 1963), *401 cert. denied 377 U.S. 951 (1964); Farmer v. Rountree,149 F. Supp. 327 (M.D. Tenn. 1956), affd. 252 F.2d 490 (6th Cir. 1958) (per curiam), cert. denied 357 U.S. 906 (1958). Finally, petitioner's payments to other groups do not satisfy his income tax obligations. Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,supra. Congress, not petitioner, has the power to tax and spend under the Constitution. Petitioner did not brief or argue the question of his liability for the asserted addition to tax under section 6653(a) [5] for 1975. In any event, it is clear that petitioner intentionally claimed *402 a deduction for which he knew there was no provision in the Internal Revenue Code. His sincerity in doing so does not negate that intent. Cf. United States v. Malinowski,472 F.2d 850 (3d Cir. 1973), affg. 347 F. Supp. 347 (E.D. Pa. 1972), cert. denied 411 U.S. 970 (1973) (criminal willfulness not negated by good faith belief in the immorality and illegality of Vietnam War); United States v. Douglass,476 F. 2d 260 (5th Cir. 1973) (criminal willfulness not negated by sincerely held belief in the unconstitutionality of the internal revenue system). Accordingly, respondent's motions will be granted in both dockets. Appropriate orders and decisions will be entered. Footnotes
1. Since these are pre-trial motions and there are no issues of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. If it is petitioner's position that there ought to be an accommodation made in the tax laws with regard to conscientious objectors, then he should address that argument to the Congress. Cf. United States v. Seeger,380 U.S. 163↩ (1965) (tracing history of legislative action in respect of accommodations made in the military conscription laws with regard to conscientious objectors).
4. "It [the Ninth Amendment] was intended to preserve the underlying theory of the Constitutional Convention that individual rights exist independently of government, and to negate the Federalist argument that the enumeration of certain rights would imply the forfeiture of all others. The Ninth is simply a rule of construction, applicable to the entire Constitution." Comment, "The Uncertain Renaissance of the Ninth Amendment," 33 U.Chi. L.Rev. 814, 835↩ (1966).
5. "If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment."↩