HENDERSON E. DANIEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daniel v. Commissioner
Docket No. 11633-78.
United States Tax Court
T.C. Memo 1980-397; 1980 Tax Ct. Memo LEXIS 192; 40 T.C.M. (CCH) 1273; T.C.M. (RIA) 80397; September 17, 1980, Filed *192 Held: (1) Petitioner is not entitled to a dependency exemption for his mother for failure to provide over one-half of her support. (2) Petitioner's use of head of household rates denied. (3) The issue of petitioner's claimed charitable contributions is rendered moot by virtue of the fact that the low income allowance exceeds petitioner's itemized deductions. (4) This Court is without authority to grant petitioner's prayer for reasonable attorney's fees. (5) The imposition of an income tax is constitutional and the expression of petitioner's political views through the income tax system is inappropriate. Henderson E. Daniel, pro se. Ronald P. Cambell *194 , for the respondent IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: By letter dated July 31, 1978 respondent determined a deficiency of $143 in petitioner's 1975 Federal income taxes. Due to a concession, the issues remaining for our determination are as follows: (1) whether petitioner is entitled to a dependency exemption for his mother for the taxable year 1975; (2) whether petitioner is entitled to use the head of household rates in computing his 1975 income tax liability; (3) whether petitioner's claimed deduction for charitable contributions is allowable; (4) whether petitioner may be granted reasonable attorney's fees respecting his petition with this Court; and (5) whether the imposition of an income tax is constitutional in view of the use of revenues to implement certain Congressional legislation. FINDINGS OF FACT At the time he filed his petition herein, petitioner Henderson E. Daniel was a resident of Norfolk, Virginia. Petitioner filed a 1975 Federal income tax return using the head of household filing status. During the taxable year 1975, petitioner lived with his 84 year old mother in Norfolk, Virginia. They resided in *195 a house owned by petitioner's mother. Petitioner had gross income of $3,518.21 during 1975 from which there were payroll deductions totaling $899.19. [1] Petitioner's mother was a recipient of $3,000 of Social Security payments during 1975. Petitioner and his mother used this $3,000 and petitioner's net payroll check of $2,619.02 for their 1975 living expenses. On his 1975 tax return petitioner claimed his mother as a dependent and utilized the head of household filing status in computing his tax liability. On his 1975 return petitioner claimed itemized expenses totaling $1,950.72. [2] Petitioner deducted $280 as a charitable contribution on his 1975 return. Two hundred and twenty dollars was allegedly contributed to the Church of the Advent in Norfolk, Virginia. No documentation of any contribution was presented by petitioner. Petitioner also deducted $460.86 as interest expense for the year. At trial petitioner conceded that the interest expense deduction is not allowable. *196 In his notice of deficiency respondent disallowed petitioner's claimed exemption for his mother and consequently denied petitioner the use of the head of household rates in computing his tax liability. Respondent also determined that petitioner was not entitled to deduct the claimed charitable contribution and the interest expense of $460. OPINION Section 151(a) and section 151(e) [3] provide that dependency exemptions shall be allowed as deductions in computing taxable income. Petitioner claimed his mother as a dependent in 1975. Generally, an entitlement to a dependency exemption for one's mother is conditioned on the dependent's receipt of over one-half of her support from the one seeking the exemption. Section 152(a)(4). Respondent argues that petitioner is not entitled to an exemption for his mother in view of petitioner's failure to provide over one-half of her support. We agree. In determining whether a taxpayer has furnished over half the support of another, there must be included any amount which is contributed *197 by such individual for his own support, including income which is ordinarily excludable from gross income, such as benefits received under the Social Security Act. Section 1.152-1 (a)(2)(ii), Income Tax Regs. Petitioner's mother received $3,000 in social security benefits in 1975 while petitioner's take-home pay was $2,619.02 for the year. These amounts were combined to pay for the living expenses of petitioner and his mother. Thus, petitioner's mother contributed $3,000 to her own support. It is obvious that petitioner, with take-home pay of $2,619.02, could not have furnished over one-half of his mother's support even without making any allowance for the fair rental value of his mother's home. Accordingly, he is not entitled to a dependency exemption for her. Section 2(b) provides that an unmarried individual shall be considered a head of household if he maintains as his home a household which constituted for the taxable year the principal place of, inter alia, a dependent of the taxpayer within the meaning of section 151. Our resolution of the dependency exemption issue disposes of the issue involving petitioner's proper filing status. Since petitioner is not entitled to *198 a dependency exemption for his mother, he similarly is not authorized to use the head of household rates in computing his tax liability. Section 2(b)(1). [4]
*199 Petitioner claimed a charitable contribution of $280 on his return including $220 allegedly gifted to the Church of the Advent in Norfolk, Virginia. The question of the propriety of this deduction is rendered moot by the fact that petitioner's itemized deductions inclusive of the charitable contributions do not exceed the $1,600 low income allowance provided for single taxpayers. See section 141(c)(2). [5] On his return petitioner claimed itemized deductions of $1,950.72. At trial he conceded that his claimed interest expense of $460.86 is not allowable. Accordingly, petitioner's itemized deductions do not exceed the $1,600 low income allowance and thus the allowance of petitioner's claimed charitable contribution would not benefit petitioner. Petitioner prays that we grant him reasonable attorney's fees for his efforts herein. This Court is without authority to award attorney's fees. Olick v. Commissioner, 73 T.C. 479 (1979); Key Buick Co. v. Commissioner, 68 T.C. 178 (1977), affd. 613 F.2d 1306 (5th Cir. 1980). *200 Finally, petitioner argues that income taxes imposed on white men are unconstitutional because moneys collected are used to finance the implementation of the Civil Rights Act of 1964. The Sixteenth Amendment of the Constitution leaves no doubt about the constitutionality of Congress' power to impose income taxes. Whatever petitioner's views are, political or otherwise, we need only say that the expression of these views through the income tax system is inappropriate. See Ward v. United States, 344 F.2d 316 (10th Cir. 1965); Muste v. Commissioner, 35 T.C. 913 (1961). Decision will be entered for the respondent.
Footnotes
1. Payroll deductions of $899.19 were computed as follows: ↩
Federal income tax
$ 569.85
State income tax
123.39
F.I.C.A. tax
205.95
$ 899.19
2. Petitioner computed his itemized deductions on his return as follows: ↩
Medical Expenses
$ 150.00
Taxes
692.96
Interest Expense
460.86
Charitable Contributions
280.00
Miscellaneous Deductions
366.90
$1,950.72
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
4. (b) Definition of Head of Household.-- (1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, step-daughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxpayer year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (b) Maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.↩
5. Section 141(c)(2) provides: (c) Low Income Allowance.--The low income allowance is-- (2) $1,600 in the case of an individual who is not married and who is not a surviving spouse (as so defined).↩